**William Ray DILLON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18754.**

United States Court of Appeals Eighth Circuit.

Feb. 13, 1968.

Herbert I. Fredman, St. Louis, Mo., for appellant.

Robert H. Kubie, Asst. U. S. Atty., St. Louis, Mo., for appellee; Richard D. Fitzgibbon, Jr., U. S. Atty., was on the brief.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant William Ray Dillon has taken this timely appeal from his conviction by a jury and the resulting sentence on a single count indictment charging him with violation of 26 U.S.C.A. § 5851 by willfully and knowingly possessing a described shotgun having a barrel length of eleven inches which had not been registered as required by 26 U.S.C.A. § 5841.

Defendant, as a basis for reversal, urges the "Court erred in failing to dismiss indictment under which appellant was prosecuted, tried, and found guilty and sentenced, as said indictment attempts to enforce a statute which deprives appellant of his rights under the terms of the Fourth and Fifth Amendments of the United States Constitution by compelling appellant to testify against himself."

For the reasons hereinafter stated, we hold defendant is entitled to a reversal upon such ground, and hence we deem it unnecessary to set out or reach other asserted errors.

The indictment in this case reads:

"That on or about the 1st day of October, 1966, in the County of Perry, in the State of Missouri, and within the Eastern District of Missouri, WILLIAM RAY DILLON willfully and knowingly did possess a firearm, that is, a Hopkins and Allen .12 gauge

shotgun, Serial No. Z0068, having a barrel length of 11 inches, which had not been registered with the Secretary of the Treasury or his delegate, as required by Section 5841, Title 26, United States Code.

"In violation of Section 5851, Title 26, United States Code."

Defendant filed a motion to dismiss the indictment, as follows:

"Comes now the defendant and moves the Court dismiss the indictment against him for the following reasons: That said indictment which charges defendant with failing to register a Hopkins and Allen .12 gauge shotgun, Serial No. Z0068, having a barrel length of 11 inches, as required by Section 5841, Title 26, United States Code, in violation of Section 5851, Title 26, United States Code is in violation of defendant's rights under the provisions of Amendments Two, Four, Five and Six of the United States Constitution."

This case was here argued and submitted on September 15, 1967. We have withheld decision awaiting the decision of the Supreme Court in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, which case was decided on January 29, 1968. We are convinced that Haynes requires a reversal in the case before us.

In *Haynes* (see footnote 1) the motion to dismiss merely asserted § 5851 was unconstitutional. The Court determined the issue of the Fifth Amendment privilege against self-incrimination was properly asserted. In our present case, defendant asserts that the offense charged is in violation of defendant's rights under the provisions of Amendments Two, Four, Five and Six to the Constitution of the United States. Thus the motion here is somewhat more specific than the *Haynes'* motion. Moreover, here as in *Haynes* the Government does not argue or suggest that the claim of Fifth Amendment privilege was not adequately raised.

The indictment in *Haynes* charges a violation of § 5851 by knowingly possessing a firearm which had not been registered as required by § 5841. Such indictment differs in no material respect from the indictment in the present case. In *Haynes*, the Supreme Court points out the decision has no bearing upon the authority of Congress to regulate the manufacture, transfer or possession of firearms or to tax activities wholly or in part unlawful. It states the narrow issue before it to be "whether enforcement of § 5851 against petitioner, despite his assertion of the privilege against self-incrimination, is constitutionally permissible."

The Court then states:

"The questions necessary for decision are two: first, whether petitioner's conviction under § 5851 is meaningfully distinguishable from a conviction under § 5841 for failure to register possession of a firearm; and second, if it is not, whether satisfaction of petitioner's obligation to register under § 5841 would have compelled him to provide information incriminating to himself."

The Court gives the first question above stated a negative answer and the second question an affirmative answer. The Court goes on to say that the hazard of self-incrimination created by the § 5841 registration requirement "can thus only be termed 'real and appreciable.' "

The Court recognizes that there may be uncommon circumstances in which registration is required of one who has not violated the Firearms Act, such as the finder of a lost firearm, and that "the existence of such situations makes it inappropriate, in the absence of evidence that the exercise of protected rights would otherwise be hampered, to declare these sections impermissible on face."

The Court holds that "a proper claim of the constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under § 5841 or for possession of an unregistered firearm under § 5851."

This case was tried in the District Court long prior to the *Haynes* decision and thus it is understandable that the issue of whether the required registration would be self-incriminating was not decided. The defendant adequately raised the self-incrimination issue and has not waived his privilege against self-incrimination.

We find nothing in the present record which would warrant a finding that § 5841, registration of firearms, would not be self-incriminating, and we can conceive of no evidence which could be produced to establish the required registration would not be incriminating. In this respect, the factual background is indistinguishable from that presented in *Haynes*. In that case, the Supreme Court determined that, "It would be neither just nor appropriate to require the parties and the District Court to commence an entirely needless additional proceeding." We reach a like conclusion here.

The judgment is reversed. This case is remanded to the District Court with direction to dismiss the indictment. Mandate shall issue forthwith.