Roy De Wayne **SIZEMORE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19026.

United States Court of Appeals
Eighth Circuit.

May 1, 1968.

Melvin H. Wolf, Waterloo, Iowa, for appellant.

Gene R. Krekel, Asst. U. S. Atty., Sioux City, Iowa, for appellee, Asher E. Schroeder, U. S. Atty., and Steve Turner, Asst. U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

Defendant Roy De Wayne Sizemore has taken this timely appeal from his conviction by a jury upon an indictment charging him with violation of 26 U.S. C.A. § 5851 by willfully and knowingly possessing a described sawed-off shotgun which had not been registered with the Secretary of the Treasury, as required by 26 U.S.C.A. § 5841. Defendant was given a suspended sentence of one-year imprisonment.

Defendant asserts he is entitled to a reversal by reason of a number of specified errors set forth in his brief. He places principal reliance upon his contention that § 5851, under which he is charged, violates his privilege against self-incrimination guaranteed by the Fifth Amendment to the Constitution of the United States. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923, requires a reversal upon this issue. No purpose will be served in setting out and discussing the other asserted errors.

Defendant, by motion to dismiss indictment filed prior to trial and overruled by the trial court, squarely raised the self-incrimination issue. Such issue was persistently raised during the course of the trial. The Government concedes that such issue was properly raised and preserved. *Haynes* squarely holds "that a proper claim of the constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under § 5841 or for possession of an unregistered firearm under § 5851." 390 U.S. 85, 100, 88 S.Ct. 722, 732.

The *Haynes* case was decided by the Supreme Court long after the judgment of conviction was entered in the present case and subsequent to the time the briefs were filed in this case upon appeal. Both the Government and the trial court relied heavily upon Haynes v. United States, 5 Cir., 372 F.2d 651, and cases cited therein. The reasoning upon which the Fifth Circuit based its decision was rejected by the Supreme Court and the conviction was reversed.

The Government upon oral argument pointed out that the Supreme Court declined to declare §§ 5841 and 5851 unconstitutional on their face, stating as a reason:

"We recognize that there are a number of apparently uncommon circumstances in which registration is required of one who has not violated the Firearms Act; the United States points chiefly to the situation of a finder of a lost or abandoned firearm. Compare United States v. Forgett, 6 Cir., 349 F.2d 601. We agree that the existence of such situations makes it inappropriate, in the absence of evi-

dence that the exercise of protected rights would otherwise be hampered, to declare these sections impermissible on face." 390 U.S. 85, 99, 88 S.Ct. 722, 731.

See also footnotes 10, 11 and 13.

It is difficult to determine from the *Haynes* opinion the precise factual background under which a finder could register without incriminating himself. We consider it unnecessary to determine this issue. The indictment does not charge the defendant was a finder. The Government at no time in the trial court asserted that defendant found the gun. Defendant did not testify and defendant at no time raised the defense that he was a finder and as such was not required to register the gun, nor did the defendant offer any evidence to establish that he was in fact a finder of the gun.

The only reference in the evidence to finding the gun is found in the testimony of government witness Thomas. He testified on direct examination with regard to a conversation he had with defendant and stated defendant told him that defendant had found the gun on the river bank on June 2. The indictment charges illegal possession of the gun on June 3, which was the date upon which the gun was seized.

■■ No instruction was requested by anyone or given by the court upon the question of whether the defendant was a finder of the gun and if so, the legal consequences which would flow from a factual determination that the defendant found the gun. The jury was told by the instructions that the elements of the offense charged were (1) possession of the sawed-off shotgun, and (2) nonregistration thereof. Upon the basis of the instructions given, the registration of the gun would involve violation of the privilege against self-incrimination under the teachings of *Haynes*.

■ Ordinarily issues not raised in the trial court cannot be considered upon appeal. Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037; Duignan v. United States, 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996; Moore v. United States, 8 Cir., 376 F.2d 32; Smith v. American Guild of Variety Artists, 8 Cir., 368 F.2d 511, 514; Stanley v. United States, 6 Cir., 245 F.2d 427, 435. Such principle precludes review of the finder issue in our present case.

■ Here, as in *Haynes,* supra, and Dillon v. United States, 8 Cir., 389 F.2d 381, we find nothing in the record which would warrant a finding that a § 5841 registration of the gun would not be self-incriminating.[1] Hence, it is our view that no purpose will be served in remanding this case to the trial court for a factual determination on the issue of whether registration of the gun would incriminate the defendant.

The judgment of conviction is reversed and this case is remanded to the trial court with direction to dismiss the indictment.

[1]. If the issue of lack of self-incrimination because the defendant is a finder of the gun were properly before us, the Government's position would not be improved. The Government in its brief filed in the Supreme Court in *Haynes* contended that a finder was not a maker or a transferee and hence registration would not incriminate him with respect to the maker and transferee requirements of §§ 5821 and 5814. At page 20 of such brief, the Government states: "Even if it is uncommon for a person to acquire possession of a firearm in a manner not subject to Section 5814(a) or Section 5821(a), such acquisitions do occur, and Section 5841 is intended to apply to them in a manner that would not cause the registrant to incriminate himself in any way." At page 19 of such brief, the Government states that when a person by coming into possession of a gun is obligated to register it, "no doubt, he was allowed a reasonable time in which to register." Certainly one day's possession which existed here between the possible finding and the seizure would be within the reasonable period of time allowable to defendant for registration, and it would seem that he would not be guilty of violating the registration provisions of § 5841 until after a lapse of a reasonable time from the finding.