**UNITED STATES of America,**
**Plaintiff,**

v.

**Gary Richard STEVENS, Defendant.**
**No. 3–67 CR. 47.**

United States District Court
D. Minnesota,
Third Division.
June 27, 1968.

390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), invalidating under the Fifth Amendment a conviction pursuant to 26 U.S.C. § 5851 for the unlawful possession of a firearm which had not been registered as required by 26 U.S.C. § 5841.[2] The sole issue on the motion now before the court is whether the rationale of that decision controls to invalidate a conviction based upon possession of· a firearm made in violation of 26 U.S.C. § 5821.[3]

Section 5821 provides in part as follows:

"(a) Rate.—There shall be levied, collected, and paid upon the making in the United States of any firearm (whether by manufacture, putting together, alteration, any combination thereof, or otherwise) a tax at the rate of $200 for each firearm so made.

＊　＊　＊　＊　＊　＊

(c) By whom paid; when paid.— The tax imposed by subsection (a) shall be paid by the person making the firearm. Such tax shall be paid in advance of the making of the firearm.

(d) How paid.—Payment of the tax imposed by subsection (a) shall be represented by appropriate stamps to be provided by the Secretary or his delegate.

(e) Declaration.—It shall be unlawful for any person subject to the tax imposed by subsection (a) to make a firearm unless, prior to such making, he has declared in writing his intention to make a firearm, has affixed the stamp described in subsection (d)

Patrick J. Foley, U. S. Atty., Minneapolis, Minn., by Roland J. Faricy, Asst. U. S. Atty., for plaintiff.

Gerald Frisch, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

On January 22, 1968, after a trial, the jury returned a verdict convicting defendant under 26 U.S.C. § 5851 for unlawfully possessing a firearm [1] made in contravention of 26 U.S.C. § 5821. Subsequent to the entry of judgment thereon, the United States Supreme Court decided the case of Haynes v. United States,

1. A firearm is defined in 26 U.S.C. § 5848 (1) to include rifles with barrels less than 16 inches in length, a so-called "sawed off" rifle. Such was the type of gun involved in this case.

2. On the same date, i. e., January 29, 1968, the Supreme Court decided Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). All three cases set aside convictions under federal statutes requiring self-incrimination in violation of the Fifth Amendment of the

Constitution. The *Marchetti* and *Grosso* cases dealt with wagering statutes rather than firearms.

3. Several Eighth Circuit decisions have followed the mandate of *Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722 (1968) in reversing § 5851 convictions for failure to register possession as required by § 5841. See Sizemore v. United States, 393 F.2d 656 (8th Cir., filed May 1, 1968); Drennon v. United States, 393 F.2d 342 (8th Cir., filed April 30, 1968); Dillon v. United States, 389 F.2d 381 (8th Cir. 1968).

to the original of such declaration, and as filed such original and a copy thereof. The declaration required by the preceding sentence shall be filed at such place, and shall be in such form and contain such information, as the Secretary or his delegate may by regulations prescribe. The original of the declaration, with the stamp affixed shall be returned to the person making the declaration. If the person making the declaration is an individual, there shall be included as part of the declaration the fingerprints and a photograph of such individual."

68A Stat. 724, 26 U.S.C. § 5821 (1964).

Section 5851, referring to § 5821, provides as follows:

"It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821 or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

68A Stat. 728, 26 U.S.C. § 5851 (1964).

Defendant suggests that since the court in *Haynes* struck down as violative of the Fifth Amendment a § 5851 conviction for unlawfully possessing a firearm not registered under § 5841, the instant § 5851 conviction similarly requires vacation, for § 5851 in conjunction with § 5821 raises identical self-incrimination problems. The Government opposes the suggestion that *Haynes* controls, arguing that the § 5851 provision dealing specifically with § 5821, unlike the portion referring to § 5841, does not necessitate unconstitutionally compelled self-incrimination for compliance therewith. Despite the fact that similar convictions were held constitutional prior to *Haynes*, *Marchetti* and *Grosso*,[4] and that the precise question was not raised in these cases, this court finds that their rationale extends to condemn § 5851 in conjunction with § 5821. Defendant's conviction must therefore be set aside and vacated.

Prior to *Haynes*, the Eighth Circuit Court of Appeals in Sipes v. United States, 321 F.2d 174, cert. denied, 375 U.S. 913, 84 S.Ct. 208 (1963) held § 5851, as it refers to § 5821, constitutional in the face of a Fifth Amendment attack. There the court, speaking through Judge Blackmun, explicitly stated that the unconstitutionality of § 5851 in relating to § 5841 did not give § 5851 the same infirmity when referring to § 5821. Its rationale took cognizance of the fact that § 5851 combined with § 5821 creates immediate criminal liability for merely receiving or possessing a weapon made in violation of the latter statute. The possessor in this situation has no duty or obligation to register his possession. Indeed, he has no opportunity. Criminal liability derives not from the failure to register, but rather from the mere fact of possession. This view is consonant with the identical position reflected by the Tenth Circuit in Mares v. United States, 319 F.2d 71 (1963). This court recognizes these cases but does not believe such answer the question presented in this case post *Haynes*, *Marchetti* and *Grosso*.

*Haynes*, essentially a § 5841 decision, did not consider changing the *Sipes* result which dealt with § 5821 nor did it opine thereon. In *Haynes*, the Government had urged that § 5851 made illegal only acceptance or receipt of a firearm which had not previously been registered, while § 5841 was said to punish only the prior and not the present possessor who failed to register. The court

---

4. Sipes v. United States, 321 F.2d 174 (8th Cir.), cert. denied, 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (1963);

Mares v. United States, 319 F.2d 71 (10th Cir. 1963).

rejected the Government's position that the sections involved two entirely different illegal acts, thus avoiding the constitutional question raised where the § 5851 offense is inextricably completed by acceptance of a firearm not registered by the previous possessor.[5] The question not reached by *Haynes* does arise in the instant case, however.

Section 5851 was found to be not "meaningfully distinguishable" from § 5841 in *Haynes* in that § 5851 required registration "as required by section 5841", and the latter said "every person" needed to register the fact of his possession. Defendant in *Haynes*, therefore, was required to register himself (whether or not any previous possessor had so done) to avoid prosecution under § 5851 for failing to do so and by so registering, he would thereby have exposed himself to criminal prosecution under the wrongful transfer provisions of the same Act as well as under state criminal provisions.

The court must face the issue in this case as to whether the Fifth Amendment precludes conviction under § 5851 of one possessing a firearm that someone else, not himself, was required to "declare" under § 5821(e). *Haynes* did not have to decide whether a conviction under § 5851 was invalid because someone earlier in the chain of possession had not registered. It held in effect that every possessor including the indicted defendant had to register under § 5851 and § 5841. There may of course in any case be many prior possessors of a firearm, but as in the case at bar there is normally only one manufacturer. The argument thus cannot be made that a present possessor under § 5851 is required to declare as though he were a manufacturer under § 5821, for obviously he is not.

The question presented then is whether failure of the manufacturer to make a written declaration to the government under § 5821(e) of "his intention to make a firearm", thus requiring self-incrimination on his part, makes § 5821 invalid on its face so that a conviction under § 5851 cannot stand.

██ If we look first at § 5821 standing alone, there can be little doubt but what it is unconstitutional in requiring a written self-incriminatory purchase of a tax stamp as required by section (a) and the making of a written declaration as required by section (e). So, a manufacturer will not be required to comply with § 5821 because he would thereby incriminate himself. The argument that the declaration required in section (e) is in futuro and thus not self-incriminatory is exploded in *Marchetti,* supra, where the court stated (390 U.S. at pp. 52–54, 88 S.Ct. at p. 704):

> "Third, the Court held in both *Kahriger* [United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754] and *Lewis* [Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475] that the registration and occupational tax requirements are entirely prospective in their application, and that the constitutional privilege, since it offers protection only as to past and present acts, is accordingly unavailable. This reasoning appears to us twice deficient: first, it overlooks the hazards here of incrimination as to past or present acts; and second, it is hinged upon an excessively narrow view of the scope of the constitutional privilege.
>
> \* \* \* \* \* \*
>
> \* \* \* We see no reason to suppose that the force of the constitutional prohibition is diminished merely because confession of a guilty purpose

**5.** Haynes v. United States, 390 U.S. 85, 91, 88 S.Ct. 722, 727 (1968):

"\* \* \* If this construction is correct nothing in a prosecution under § 5851 would turn on whether the present possessor had elected to register; his offense would have been complete when he accepted possession of a firearm which no previous possessor had registered. We need not determine whether this construction would be free from constitutional difficulty under the Fifth Amendment \* \* \*"

precedes the act which it is subsequently employed to evidence. * * * "

The argument that a manufacturer by complying with § 5821, paying the tax and filing the declaration of intent to manufacture, absolves himself from a violation because of his compliance overlooks the fact that he thereby incriminates himself under state statutes or other regulatory measures such as city ordinances. *Haynes* recognized this, 390 U.S. at p. 97, n. 11, 88 S.Ct. p. 730:

"We must note, however, that certain of these prospective registrants might be threatened by prosecution under state law for possession of firearms, or similar offenses. It is possible that such persons would be obliged, if they registered in compliance with § 5841, to provide information incriminating to themselves. Such hazards would, of course support a proper claim of privilege."

See for instance Minn.Stat. 609.66(1, 5) and, as cited by *Haynes*, Minn.Stat. 609.67.

*Haynes* states (p. 97, p. 730 of 88 S. Ct.):

" * * * Nonetheless, the correlation between obligations to register and violations can only be regarded as exceedingly high, and a prospective registrant realistically can expect that registration will substantially increase the likelihood of his prosecution. Moreover, he can reasonably fear that the possession established by his registration will facilitate his prosecution under the making and transfer clauses of § 5851. In these circumstances, it can scarcely be said that the risks of criminal prosecution confronted by prospective registrants are 'remote possibilities out of the ordinary course of law,' Heike v. United States, 227 U.S. 131, 144, 33 S.Ct. 226, 57 L.Ed. 450; yet they are compelled, on pain of criminal prosecution, to provide to the Secretary both a formal acknowledgment of their possession of firearms, and supplementary information likely to facilitate their arrest and eventual conviction. The hazards of incrimination created by the registration requirement can thus only be termed 'real and appreciable.' Reg. v. Boyes, 1 B. & S. 311, 330; Brown v Walker, 161 U.S. 591, 599–600, 16 S Ct. 644, 40 L.Ed. 819."

Proceeding forward then, it seems obvious that the indictment in the case at bar was fatally defective in that it charged a firearm possession under § 5851 "which has at any time been made in violation of * * * " an invalid, unconstitutional law, i. e., § 5821. If the statute (§ 5851) and the indictment pursuant thereto do not charge an offense inter se but only by reference to another statute, then that other statute must be a valid one or a charge cannot stand. The instant conviction is thus not sustainable.

The argument that privilege against self-incrimination is a personal thing and may be waived is self-defeating. If a manufacturer for instance concluded that he would pay the tax and file a declaration, despite incriminating himself, then he has complied with § 5821 and obviously an indictment which used the language of § 5851 "which has * * * been made in violation of section 5821" would not state an offense. The indictment in the case at bar charges a violation of § 5851 because the firearm was made in violation of nothing (unconstitutional § 5821) and thus does not state an offense.

The court is aware that the foregoing conclusions are opposed to those reached recently in United States v. Taylor, No. 67–Crim. 178 (E.D.Wis., filed May 15, 1968), a short memorandum decision. *Taylor* is a post-*Haynes* case. There, the court rejected defendant's view that *Haynes* required dismissal of a one count indictment charging a violation of § 5851 for possession of a firearm made in violation of § 5821. The court, relying substantially upon Mares v. United States, 319 F.2d 71 (10th Cir. 1963), decided that *Haynes* did not effect the con-

stitutionality of § 5851 as relating to § 5821. With all deference, this court finds to the contrary.

A separate order vacating the judgment has been entered.