**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roger R. RANNEY, Defendant-Appellant.**

**No. 75–1365.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1975.

Decided Nov. 5, 1975.

Certiorari Denied Feb. 23, 1976.
See 96 S.Ct. 1130.

Harold W. Myers, Thomas L. Ryan, Fort Wayne, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Charles F. Leonard, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and SWYGERT and TONE, Circuit Judges.

CASTLE, Senior Circuit Judge.

Defendant Ranney appeals his conviction by a jury for possession of a firearm which was not identified by a serial number in violation of 26 U.S.C. § 5861(i) of the National Firearms Act.[1] Defendant raises three grounds for reversal of his conviction. We affirm the judgment of the district court.

\* \* \* \* \* \*

The Act defines the term "firearm" to include "a shotgun having a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a)(1). The firearm in question had a barrel length of 12 inches which had been shortened from 28 inches.

---

1. That section provides:

§ 5861. Prohibited Acts

It shall be unlawful for any person—

\* \* \* \* \* \*

(i) to receive or possess a firearm which is not identified by a serial number as required by this chapter; . . .

During the morning of November 6, 1974, undercover special agents of the Federal Drug Enforcement Administration arranged to meet with Defendant and Larry Criswell at a restaurant in Fort Wayne, Indiana. Early that evening two special agents arrived at the lounge. After exchanging pleasantries, the four men discussed a "nice piece" that Defendant and Criswell had in their possession. Defendant described it as a .12 gauge pump-action "sawed-off" shotgun. Defendant indicated that the firearm was of such a length as to facilitate concealment under one's clothing. Furthermore, Defendant stated that he and Criswell had had to do "a lot of running around and looking to get it." After one of the agents and Criswell viewed the firearm in the trunk of Criswell's automobile, the four of them arranged to trade the shotgun for pistols which the agents had in their possession. The trade was thereafter carried out.

Defendant and Criswell were duly indicted for violating section 5861(i). They were tried together before a jury and found guilty. Only Defendant Ranney appeals his conviction to us in this matter.

Defendant first argues that the Government failed to prove that he possessed a firearm with knowledge that it was not identified by a serial number and was less than the lawful length. This argument must fail in light of the Supreme Court's decision in *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). In *Freed*, the defendant was convicted of violating 26 U.S.C. § 5861(d) which makes it unlawful to possess a firearm or destructive device (a hand grenade in that instance) which is not registered to him under the National Firearms Act. The Supreme Court held that there was no requirement under that section to prove specific knowledge on the part of a defendant that the firearm he possessed was not so registered. The Court reasoned that no such requirement was needed since the provision in question (section 5861(d)) was

a regulatory measure in the interest of public safety, which may well be premised on the theory that one would hardly be surprised to learn that possession of hand grenades is not an innocent act. [*Id.* at 609, 91 S.Ct. at 1118.]

■ We see no distinction in the case of section 5861(i). We are of the opinion that the *Freed* reasoning is clearly applicable to section 5861(i). It is evident to us that section 5861(i) is also a "regulatory measure in the interest of public safety." We believe that this section may well too be premised on the theory that one would hardly be surprised to learn that possession of a sawed-off shotgun is not an innocent act. Therefore, we hold that the Government was not required to show that the Defendant had specific knowledge that the shotgun in question was not identified by a serial number or was less than the lawful length. Proof by the Government that the Defendant knew that he possessed a firearm in the general meaning of the term was sufficient to fulfill its burden on this point. *United States v. Vasquez*, 476 F.2d 730, 732 (5th Cir. 1970); *United States v. Gardner*, 448 F.2d 617, 619 (7th Cir. 1971).

Defendant's second argument is that the Government was required to prove both that he had not applied for a serial number and that he had been afforded a reasonable period of time in which to obtain the number. Defendant reads section 5842(b) [2] to require a possessor of a firearm not identified by a serial number to apply and obtain a number from the proper authorities. With such an al-

**2.** Section 5842(b) of Title 26 of the United States Code provides:

*Firearms without serial number.*—Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the Secretary or his delegate and any other information the Secretary or his delegate may by regulations prescribe.

leged duty placed on him by section 5842(b), Defendant contends that the Act must allow a reasonable period of time to comply with this alleged requirement during which his possession must be lawful and not violative of section 5861(i).[3] We cannot agree with Defendant's "reasonable time" argument for to do so would directly conflict with Congress' clear intention in enacting section 5861(i).

■ By enacting section 5861(i), Congress expressly and explicitly proscribed not only the *possession* of a firearm not identified by a serial number, but also its very *receipt*.[4] If section 5842(b) were read to permit a reasonable period of lawful possession of such a firearm, it would directly conflict with section 5861(i). Why would Congress permit a reasonable period of lawful possession and yet expressly make the act of receiving such a firearm unlawful? We cannot believe that Congress so illogically intended to make possession of the weapon for a reasonable time lawful under section 5842(b) and also make its very receipt an unlawful act under section 5861(i). We cannot read such a blatant inconsistency into the Act. In so doing, we would be judicially redrafting section 5861(i) and making the possession of such a firearm lawful in the face of express statutory language to the contrary. We cannot do so. We need not concern ourselves with the true meaning of section 5842(b); we need only reject Defendant's clearly inconceivable reading of that section.[5]

■ We therefore hold that the Government was not required to prove at trial that the Defendant had not applied for a serial number nor that he had been afforded a reasonable period of time in which to do so.

■ Defendant's third and final argument is that the trial court erred in not instructing the jury that the Act allowed him a reasonable period of time in which to obtain a serial number. Since we have already held that the Act does not afford him such a period of lawful possession, the court did not err in not so instructing the jury. *Compare United States v. Tankersley,* 492 F.2d 962, 967 (7th Cir. 1974).

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.

---

3. In support of his argument, Defendant cites language in *Sizemore v. United States,* 393 F.2d 656, 658 n. 1 (8th Cir. 1968). This language, however, is clearly dicta and we are not persuaded by it.

4. *See* note 1 *supra.*

5. We must note, however, that Defendant cannot contend that his is the only possible interpretation of section 5842(b). We believe that the section can be read to give rise to another, more plausible and consistent interpretation. Section 5842(a) requires every manufacturer, importer, and maker of a firearm to physically engrave a serial number on the weapon. In light of section 5842(a) and the regulations promulgated under the Act, particularly 27 C.F.R. § 179.102, section 5842(b) may be read to require a person who lawfully comes into possession of a firearm (either pursuant to section 5814(a) or by "finding" the weapon) to insure that its assigned serial number *physically* appears on it at all times. The predecessor to section 5842 lends support to this interpretation of sections 5842(a) and (b). *See* Act of Aug. 16, 1954, ch. 736, 68A Stat. 725, *as amended by* Act of Sept. 2, 1958, Pub.L. No. 85–859, Tit. II, § 203(e), 72 Stat. 1427.