**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert L. REED, Jr., Defendant–Appellant.**

**No. 92–2275.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 13, 1993.

Decided April 13, 1993.

Stephen B. Clark, Asst. U.S. Atty. (argued), Gerard B. Schneller, Office of the United States Attorney, Fairview Heights, IL, for plaintiff-appellee.

Phillip J. Kavanaugh (argued), Office of the Federal Public Defender, East St. Louis, IL, for defendant-appellant.

Before CUDAHY, FLAUM and MANION, Circuit Judges.

CUDAHY, Circuit Judge.

At about 11 p.m. on June 15, 1991, two Mount Vernon, Illinois, police officers on patrol noticed a car with out-of-state plates parked facing against traffic. Two men were sitting in the car, including the defendant, Robert L. Reed Jr., in the passenger seat. The officers drove past the car several times between 11 p.m. and 2 a.m.

After patrolling elsewhere for about two hours, the officers returned to the car at about 4:25 a.m. to find Mr. Reed alone in the car, slumped over in his seat and holding a sawed-off shotgun in his hand and a beer between his legs. After calling for assistance, the officers disarmed the defendant and struggled with him while attempting to pull him out of the car and handcuff him. They smelled alcohol on Reed's breath, but reported that he was able to clearly and correctly answer questions about his birth date and social security number.

A federal grand jury returned a two-count indictment against Mr. Reed for possession of an unregistered firearm, 26 U.S.C. § 5861(d), and possession of a firearm not identified by a serial number, 26 U.S.C. § 5861(i). The trial commenced on March 12, 1992, and a jury found Reed guilty on both counts. The district court sentenced him to 40–month prison terms on each count, to run concurrently. Reed appeals. We affirm.

## I.

On appeal, Reed argues that the district court erred in failing to instruct the jury on his theory of defense—namely, that voluntary intoxication prevented him from knowingly possessing the prohibited firearm. The instructions did explain that the word "knowingly" means "that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident." They did not specify, however, in the words of the defendant's proposed instruction, that "evidence of intoxication may be sufficient to create a reasonable doubt as to whether the defendant was able to form the required intent to commit the crime charged."

We review the district court's rejection of the proposed instruction de novo. United States v. Casanova, 970 F.2d 371, 374 (7th Cir.1992). A defendant is entitled to an instruction on a particular theory of defense if (1) the proposed instruction is a correct statement of law, (2) the theory of defense is supported by the evidence, (3) the theory is not part of the charge and (4) the failure to include such an instruction would deny the defendant a fair trial. United States v. Shukitis, 877 F.2d 1322, 1330 (7th Cir.1989); United States v. Esposito, 867 F.2d 388, 390 (7th Cir.1989); United States v. Douglas, 818 F.2d 1317, 1320–21 (7th Cir.1987).

Because the defendant's theory is not part of the government's charge, he clearly satisfies the third prong of the four-part test. We turn, then, to the remaining three requirements.

First, the defendant has not convinced us that his proposed instruction is a correct statement of the law. Firearm violations such as the two at issue in this case are regarded as general intent crimes. United States v. Freed, 401 U.S. 601, 607, 91 S.Ct. 1112, 1117, 28 L.Ed.2d 356 (1971) (section 5861(a)); United States v. Ranney, 524 F.2d 830, 832 (7th Cir.1975) (applying Freed to section 5861(i)). Yet diminished capacity—which includes voluntary intoxication—is a defense only to specific intent crimes. United States v. Fazzini, 871 F.2d 635, 641 (7th Cir.1989); United States v. Williams, 892 F.2d 296, 303 (3rd Cir.1989) (stating that "[f]or general intent crimes, evidence of voluntary intoxication is not an acceptable method of negating the required intent"), cert. denied, 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990); United States v. Sneezer, 900 F.2d 177, 179 (9th Cir.1990); United States v. Twine, 853 F.2d 676, 679 (9th Cir.1988).

The defendant nevertheless makes an interesting argument that the general intent nature of the crimes at issue refers only to

the lack of any requirement that the defendant had specific knowledge that the shotgun was unregistered, was not identified by a serial number or was less than the lawful size. *See, e.g., Ranney,* 524 F.2d at 832; *United States v. Gardner,* 448 F.2d 617, 619 (7th Cir.1971). Accordingly, the defendant argues, a defense of voluntary intoxication is allowed because the government still must show that the defendant knowingly possessed the firearm. *See Ranney,* 524 F.2d at 832 (requiring "[p]roof by the Government that the Defendant knew that he possessed a firearm in the general meaning of the term").

We disagree with this characterization. A recent Sixth Circuit case that addressed this narrow issue—except with regard to the analogous statute prohibiting possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1)—held that voluntary intoxication is not a defense to that general intent crime. *United States v. Bennett,* 975 F.2d 305, 308 (6th Cir.1992) (citing *Williams,* 892 F.2d at 303). More significantly, the court rejected the defendant's argument that such a defense should be permitted when the intoxication was allegedly so severe that the defendant did not even know he was in possession of a firearm. 975 F.2d at 308. Although we do not rule out the propriety of such an intoxication defense, for example, if the defendant were comatose and the evidence indicated someone dropped the gun in his lap, on the facts before us we find the Sixth Circuit's result in *Bennett* pertains.[1]

The defendant's failure to satisfy the first prong of the four-part test is alone sufficient to defeat his argument that the court's rejection of his proposed instructions constituted reversible error. The defendant also falls short of the conditions in the second and fourth prongs, however.

The second prong addresses whether the defendant's theory of defense is supported by the evidence. Reed presented considerable evidence that he had been drinking and probably was in fact drunk throughout the night these events occurred. But drunkenness alone may not support an affirmative defense of voluntary intoxication. Applying Illinois law, this court noted that "voluntary intoxication must be so extreme as to suspend all reason; merely being drunk or intoxicated is insufficient to create the defense." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1135 (7th Cir.1990).

The officers reported that Reed had been awake and alert earlier in the night, and that he was able to resist their attempts to pull him from the car. In addition, he clearly and correctly answered their questions. The defense presented evidence at trial that Reed consumed alcohol throughout the day on June 15, that his mother observed him staggering and drunk late that evening and that Reed had no memory of events the night of June 15 and early morning of June 16. Yet despite the plain indications that Reed was drinking, probably even heavily, the evidence does not sufficiently support the extreme intoxication required to establish the defense.

Finally, even if Reed's proposed instruction were a correct statement of the law *and* supported by the evidence, the district court's failure to include the instruction did not deny Reed a fair trial— the fourth prong of the test. Throughout the trial, Reed argued that he was intoxicated and addressed the issue of his ability to knowingly possess the firearm given that intoxication. Admittedly, statements of counsel cannot substitute for instructions by the court. *United States v. Walters,* 913 F.2d 388, 392 (7th Cir.1990). ("Amid a sea of facts and inferences, in-

---

1. In *United States v. Ross,* 917 F.2d 997 (7th Cir.1990), this court examined in detail the parameters of the knowledge requirement for "general intent" statutes such as 26 U.S.C. § 5861(d). Although *Ross* differs from the present case in that it addressed the extent to which a defendant must have known the weapon was a "firearm," it noted in dicta that section 5861(d) includes no knowledge component on its face:

"The crime is possessing an unregistered firearm—not 'knowingly' possessing an unregistered firearm, or possessing a weapon knowing it to be a firearm, or possessing a firearm knowing it to be unregistered." *Id.* at 1000. Courts have nevertheless recognized at least some rudimentary scienter requirement—namely, knowledge of possession in a general sense. *See, e.g., Ross,* 917 F.2d at 1002; *Ranney,* 524 F.2d at 832.

structions are the jury's only compass."). In the present case, however, the defense lawyer's ongoing arguments about the defense of voluntary intoxication, coupled with the instruction to the jury on the definition of "knowingly," ensured that the jury was effectively instructed on Reed's theory. The "knowingly" instruction essentially encompasses Reed's theory, just not with the specificity Reed requested. Under the circumstances, the rejection of the proposed instruction did not deny Reed a fair trial.

## II.

The defendant's proposed instruction on voluntary intoxication incorrectly states the law and is not sufficiently supported by the evidence. Moreover, its exclusion did not deny the defendant a fair trial. The district court did not err in refusing to include the instruction; Reed's conviction is AFFIRMED.