16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Steven FULTZ, Defendant-Appellant.
 No. 93-1563.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 14, 1993.
Decided Dec. 27, 1993.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Mark Steven Fultz appeals his conviction for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). We affirm.
 
 I.
 
 2
 On July 10, 1992, Illinois state police officers and members of the Metropolitan Enforcement Group of Southern Illinois conducted a search, pursuant to a warrant, of the residence at 701 North 88th Street, East St. Louis, Illinois, at approximately 7:00 A.M. Fultz was lying on a bed in a bedroom on the first floor. Sergeant Mark Brammlett and Officer Mark Spengel entered the bedroom and saw a "Blue Steel R and G" handgun, caliber .38 Special, on the mattress. The handgun was fully loaded with six rounds of ammunition. Brammlett testified at trial that the handgun was lying next to Fultz on the bed at the end of his left hand. The police officers commanded Fultz to roll off the bed to the floor, where he was handcuffed behind his back.
 
 
 3
 A federal grand jury charged Fultz in a single-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). On the morning of trial, the government filed a motion in limine to exclude any evidence that Fultz was intoxicated on or about the day of the search. The district court granted the motion but informed Fultz that he could introduce evidence that there was a party at the 701 North 88th Street residence on the night of July 9, 1992, at which alcoholic beverages were consumed. The district court, however, expressly refused to allow any evidence of the "quantities and gradations" of alcoholic beverages consumed by Fultz.
 
 
 4
 Defense witnesses testified at trial that Fultz had been drinking on July 9 and into the early hours of July 10. Fultz also testified that he had been drinking extensively on July 9 and during the early hours of July 10. Fultz testified that the handgun found on the bed was owned by Keith Cross, who frequently stayed at the 701 North 88th Street residence, and that he did not know the handgun was in his bed. During closing arguments, counsel for Fultz argued that, although Fultz did not know how the handgun arrived on his bed, Keith Cross or someone else could have placed the gun in the bed the previous day or evening.
 
 
 5
 Fultz offered three jury instructions concerning his theory of defense. The first proposed instruction stated:
 
 
 6
 Evidence was introduced that the defendant was intoxicated at the time of the commission of the crime charged in the indictment. Knowing possession of a firearm as those terms have been defined in these instructions, are essential elements of this crime. The evidence of intoxication may be sufficient to create a reasonable doubt whether the defendant was able to knowingly possess a firearm.
 
 The second proposed instruction stated:
 
 7
 Evidence that the Defendant, Mark Steven Fultz, acted under the influence of alcohol may be considered in determining whether he knowingly possessed a firearm on July 10, 1992, as charged.
 
 
 8
 If the evidence in the case leaves the jury with a reasonable doubt whether, because of the influence [sic] alcohol, the Defendant, Mark Steven Fultz, knowingly possessed a firearm on July 10, 1992, then the jury should acquit the defendant.
 
 
 9
 The third proposed instruction contained only the first paragraph of the second proposed instruction. The district court refused to give all three instructions.
 
 
 10
 The jury returned a verdict of guilty. Fultz was sentenced to sixty months' imprisonment.
 
 II.
 
 11
 A district court's rejection of a proposed jury instruction is reviewed de novo. United States v. Reed, 991 F.2d 399, 400 (7th Cir.1993). A defendant is entitled to an instruction on a particular theory of defense if (1) the proposed instruction is a correct statement of the law, (2) the theory of defense is supported by the evidence, (3) the theory is not part of the charge, and (4) the failure to include such an instruction would deny the defendant a fair trial. United States v. Shukitis, 877 F.2d 1322, 1330 (7th Cir.1989) (citation omitted). Fultz has clearly failed to satisfy the first requirement of the four-part test.
 
 
 12
 This circuit has never addressed the mental state requirement for possession of a firearm under 18 U.S.C. Sec. 922(g)(1). The Third and Sixth Circuits, the only circuits to have addressed the issue, hold that the violation of this statute is a general intent crime. United States v. Bennett, 975 F.2d 305, 308 (6th Cir.1992); United States v. Williams, 892 F.2d 296, 303 (3d Cir.1989), cert. denied, 496 U.S. 939 (1990); United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir.1987); United States v. Weiler, 458 F.2d 474 (3d Cir.1972). Diminished capacity, which includes voluntary intoxication, is a defense to specific intent crimes only. Reed, 991 F.2d at 400; United States v. Fazzini, 871 F.2d 635, 641 (7th Cir.), cert. denied, 493 U.S. 982 (1989); Williams, 892 F.2d at 303. Fultz's proposed jury instructions were incorrect statements of the law under Bennett and Williams because voluntary intoxication is no defense to a general intent crime such as a violation of 18 U.S.C. Sec. 922(g)(1).
 
 
 13
 Our recent decision in United States v. Reed, 991 F.2d 399 (7th Cir.1993), strongly supports this result. In Reed, the defendant was charged with possession of an unregistered firearm, 26 U.S.C. Sec. 5681(d), and with possession of a firearm not identified by a serial number, 26 U.S.C. Sec. 5861(i). Reed, 991 F.2d at 400. We held that Reed was not entitled to a jury instruction concerning his theory that voluntary intoxication prevented him from knowingly possessing the prohibited firearm because the violations were general intent crimes. Id. We expressly relied upon the Sixth Circuit's holding in Bennett that voluntary intoxication was no defense to a violation of 18 U.S.C. Sec. 922(g)(1), which statute we described as "analogous" to those at issue in Reed. Id. at 401. Fultz therefore would not be entitled to his proposed jury instructions under Reed.
 
 
 14
 Fultz attempts to distinguish Reed by relying on dictum that "we do not rule out the propriety of an intoxication defense, for example, if the defendant were comatose and the evidence indicated that someone dropped the gun in his lap." Id. Fultz argues that this case falls within that hypothetical. The record, however, contains no evidence either that Fultz was comatose on July 10, or that anyone other than Fultz placed the handgun on the bed.
 
 
 15
 Fultz also argues that the distinction between general and specific intent crimes is "intellectually bankrupt" and "analytically useless," and that Reed recognized the uselessness of this distinction.[1] Fultz reasons that the only relevant inquiry concerning his intent under Sec. 922(g)(1) is whether he knew "what the crime requires him to know," i.e., the presence of the handgun.
 
 
 16
 Contrary to Fultz's assertion, Reed did not reject the distinction between general and specific intent crimes. Reed, 991 F.2d at 400-01. Rather, Reed expressly relied upon this distinction in rejecting the defendant's theory of defense. Id. This court has continually adhered to the distinction between general and specific intent crimes, see, e.g., Reed, 991 F.2d at 400-01; United States v. Brownlee, 937 F.2d 1248, 1253 (7th Cir.1991); Fazzini, 871 F.2d at 641; United States v. Manganellis, 864 F.2d 528, 533-34 (7th Cir.1988); United States v. Gruttadauro, 818 F.2d 1323, 1328 (7th Cir.1987), and other circuits have done the same. See, e.g., United States v. Felix, 996 F.2d 203, 207 (8th Cir.1993); Bennett, 975 F.2d at 308; United States v. Sneezer, 900 F.2d 177, 179 (9th Cir.1990) (citation omitted); Williams, 892 F.2d at 303. Fultz has not cited a federal case rejecting this distinction, and we have been unable to find one.[2]
 
 
 17
 Fultz's argument rests upon a mistaken reliance on the exaggerated "utility of verbal differentiation." United States v. McKinney, 919 F.2d 405, 422 (7th Cir.1990) (Posner, J., concurring). Whatever the semantic label used to describe intent, the clear thrust of the decisions interpreting firearm statutes such as 18 U.S.C. Sec. 922(g)(1) is that voluntary intoxication does not defeat the requirement of knowledgeable possession. Reed, 991 F.2d at 401; Bennett, 975 F.2d at 308; Williams, 892 F.2d at 303. Fultz thus has failed to establish that his proposed jury instructions were correct statements of the law, and the district court properly rejected them.[3] Shukitis, 877 F.2d at 1330.
 
 
 18
 Fultz argues in the alternative that the district court improperly rejected his proposed instructions because the prosecution was required to establish specific intent under the doctrine of constructive possession, and therefore Fultz's voluntary intoxication was a defense to the crime. A person may be deemed to "possess" a firearm under 18 U.S.C. Sec. 922(g)(1) through either actual or constructive possession. United States v. Neff, No. 92-2172, slip op. at 11 (7th Cir. Dec. 2, 1993); United States v. Pedro, 999 F.2d 497, 500 (11th Cir.1993). "Actual possession exists when a tangible object is in the immediate possession or control of the party." United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.) (citation omitted), cert. denied, 498 U.S. 905 (1990). The government introduced evidence of Fultz's actual possession of the firearm through the uncontroverted testimony of Officer Brammlett that the handgun was lying next to Fultz on the bed at the end of his left hand. The prosecution was therefore not required to prove constructive possession.
 
 
 19
 A district court's decision to grant a motion in limine is reviewed under an abuse of discretion standard. INB Banking Co. v. Iron Peddlers, Inc., 993 F.2d 1291, 1293 (7th Cir.1993). "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court. If reasonable persons could differ, no abuse of discretion can be found." Id. (citation omitted). The district court's grant of the prosecution's motion in limine was not an abuse of discretion because, as demonstrated above, the voluntary intoxication of a defendant is not a defense to a violation of 18 U.S.C. Sec. 922(g)(1). Any evidence of Fultz's intoxication on or about July 10, 1992, was irrelevant as a matter of law because it would not tend to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.
 
 III.
 
 20
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 21
 RIPPLE, Circuit Judge.
 
 
 22
 I concur in the result.
 
 
 
 [1]
 For support, Fultz cites a law review article, a criminal law treatise, and the Model Penal Code. See Timothy P. O'Neill, Illinois' Latest Version of the Defense of Voluntary Intoxication: Is It Wise: Is It Constitutional?, 39 DePaul L.Rev. 15, 19-20 (1989); Wayne LaFave and Austin Scott, Substantive Criminal Law, Sec. 4.10(a) (1986); 1 Model Penal Code and Commentaries Sec. 2.08 (1985)
 
 
 [2]
 The Supreme Court has recognized that the distinction between general and specific intent crimes "has been the source of a good deal of confusion," and that there is a trend toward an alternative analysis of mens rea. United States v. Bailey, 444 U.S. 394, 403 (1980) (citations omitted). However, the Court did not purport to reject the distinction for purposes of statutory analysis. Id. at 403-07. Moreover, in Bailey, the Court stated that "[i]n a general sense, 'purpose' corresponds loosely with the common-law concept of specific intent, while 'knowledge' corresponds loosely with the concept of general intent." Id. at 405. This supports the position of the Third and Sixth Circuits that a violation of 18 U.S.C. Sec. 922(g)(1) is a general intent crime
 
 
 [3]
 Fultz's failure to meet the first requirement of the four-part Shukitis test is sufficient to scuttle his challenge to the district court's rejection of his proposed instructions. Reed, 991 F.2d at 401. However, it should be noted that, under Reed, Fultz's ability to satisfy two other prongs of the test-whether the defendant's theory of defense is supported by the evidence, and whether Fultz was denied a fair trial-is doubtful at best. Id. at 401-02