**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4279

WILLIAM DARRELL STUMP, II,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4283

WILLIAM DARRELL STUMP, II,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CR-94-109-R)

Submitted: December 10, 1996

Decided: January 21, 1997

Before HALL, WILKINS, and LUTTIG, Circuit Judges.

_____

No. 96-4279 affirmed and No. 96-4283 vacated and remanded by
unpublished per curiam opinion.

_____

**COUNSEL**

William Darrell Stump, II, Appellant Pro Se. Donald Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Darrell Stump, II, admitted at trial that he fired rifles equipped with homemade silencers on property owned by his father in May 1994. Stump was convicted by a jury of two counts of possessing illegal silencers, 26 U.S.C. § 5861(d), (i) (1994). The imprisonment range under the Sentencing Guidelines* was calculated to be twenty-seven to thirty-three months. The district court sentenced Stump to two months imprisonment. Stump filed a timely appeal challenging the constitutionality of his convictions (No. 96-4279), and the Government filed a timely cross-appeal challenging the district court's downward departure from the Sentencing Guidelines (No. 96-4283).

Stump argues that his convictions were unconstitutional because the Constitution does not provide for the existence of federal courts (other than the Supreme Court) or federal law enforcement agencies. This argument is without merit, and Stump's convictions are hereby affirmed.

We find, however, that the district court erred in departing downward from the Sentencing Guidelines. The district court based its rul-
_____
*United States Sentencing Commission, Guidelines Manual (Nov. 1, 1995).

2

ing on evidence which showed that Stump fired the silenced rifles for a sporting purpose (i.e., target practice) and only "possessed" the silencers for a brief amount of time. The district court ruled that the Sentencing Commission could not have foreseen such a "bare-boned" violation of the law. We disagree.

A trial judge's decision to depart from the Sentencing Guidelines in an atypical case is reviewed for an abuse of discretion. Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 94-1664, 94-8842); United States v. Rybicki, ___ F.3d ___, 1996 WL 544463 (4th Cir. Sept. 26, 1996) (Nos. 94-5360, 94-5362). Applying the standards set forth in Koon and Rybicki, we hold that the district court abused its discretion in departing downward from the Sentencing Guidelines. Specifically, we hold that the district court's finding that Stump possessed the silencers for a sporting purpose to be a "forbidden" factor under the Sentencing Guidelines. We further hold that the plain language of the Sentencing Guidelines and the applicable statutes contradict the district court's imposition of a time element on the possession of illegal silencers. We believe that Congress intended to prohibit the possession of illegal firearms (including silencers) without regard to the amount of time they were in the defendant's possession. See United States v. Ranney, 524 F.2d 830, 833 (7th Cir. 1975), cert. denied, 424 U.S. 922 (1976) (expressly rejecting the notion that § 5861(i) allows for the possession of illegal firearms for a "reasonable period").

Accordingly, we affirm Stump's convictions (No. 96-4279), but we vacate the sentence and remand the case for a new sentencing hearing in accordance with the Sentencing Guidelines (No. 96-4283). Stump's motion for oral argument is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

No. 96-4279 - AFFIRMED
No. 96-4283 - VACATED AND REMANDED

3