**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4880**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL GLENN FULLER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (1:08-cr-00599-CCB-1)

---

Submitted:  June 17, 2011        Decided:  June 28, 2011

---

Before SHEDD, AGEE, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Clinton J. Fuchs, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Glenn Fuller appeals his conviction for possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Fuller argues that the district court erred by excluding as irrelevant evidence of his intoxication and by instructing the jury that voluntary intoxication is not a defense to a § 922(g)(1) offense. He also asserts that the firearm's manufacture in another state did not establish a sufficient interstate commerce nexus. We affirm.

Fuller first asserts that the district court erred by excluding as irrelevant expert testimony regarding intoxication because such testimony would have rebutted the knowing element of the offense. Federal courts have recognized that possession of a firearm after a felony conviction is a general intent crime. See, e.g., United States v. Moran, 503 F.3d 1135, 1144 n.6 (10th Cir. 2007); United States v. Brown, 367 F.3d 549, 556 (6th Cir. 2004). Because voluntary intoxication is a defense only to specific intent crimes, courts agree that the defense does not apply to the general intent crime in § 922(g)(1). United States v. Williams, 403 F.3d 1188, 1194 (10th Cir. 2005) (citing cases).

Our review of the record leads us to conclude that the proposed testimony from the defense expert regarding the effect of intoxication on a defendant's mental state was not relevant

2

to whether Fuller knowingly possessed the firearm.[1]  See Fed. R. Evid. 401 (defining relevant evidence).  Thus, the district court did not abuse its discretion by excluding that testimony. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); United States v. Myers, 589 F.3d 117, 123 (4th Cir. 2010) (stating standard of review).

Next, Fuller claims that the district court's instruction regarding the unavailability of a voluntary intoxication defense to a § 922(g)(1) offense was not a correct statement of the law.[2]

> A refusal to give a requested theory of defense instructions is reversible error only if the instruction (1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with some point in the trial so important that the failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

---

[1] Although Fuller claims that his extreme intoxication could render physical possession unknowing so that a defense could exist "if the defendant were comatose and the evidence indicated someone dropped the gun in his lap," United States v. Reed, 991 F.2d 399, 401 (7th Cir. 1993), the facts of his case do not fall within that limited exception.

[2] Fuller notes that one circuit court has held that proof of constructive possession requires specific intent.  See United States v. Newsom, 452 F.3d 593, 606 (6th Cir. 2006).  However, no other circuit has adopted that approach.  United States v. King, 632 F.3d 646, 654 n.7 (10th Cir. 2011); see United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005) (stating that there is no "distinction between actual and constructive possession insofar as the intent requirement is concerned").

3

United States v. Green, 599 F.3d 360, 378 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010) (internal quotation marks omitted). Because voluntary intoxication is no defense to knowing possession of a firearm, Fuller's proposed voluntary intoxication instruction was not a correct statement of the law. We therefore conclude that the district court did not abuse its discretion in refusing to give the requested instruction. See id. at 377 (stating standard of review).

Finally, Fuller asserts that, absent additional evidence, the fact that the firearm had traveled in interstate commerce at some point did not establish a sufficient nexus, rendering the evidence insufficient on that element of the offense. Fuller's counsel admits, however, that this claim is foreclosed by circuit precedent. See United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4