**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joshua LARSON, Defendant–Appellant.**

**No. 08–30404.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 1, 2009.[*]

Filed Sept. 14, 2009.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcia Kay Hurd, Esquire, Assistant U.S., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esquire, Assistant Federal Public Defender, Federal Defenders of Montana Helena Branch Office, Helena, MT, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN, and BYBEE, Circuit Judges.

168

MEMORANDUM **

Joshua Larson ("Larson") appeals the district court's order dismissing his conviction for receipt of child pornography without prejudice, contending that the district court should have instead dismissed his conviction with prejudice. He also challenges his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

█ We do not have jurisdiction over Larson's challenge to the district court's dismissal of the receipt conviction because it is not ripe for review. "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *S. Pac. Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir. 1990). We determine "if a case is ripe for review by evaluating whether (1) the issues are fit for judicial decision, and (2) the parties will suffer hardship if we withhold decision." *United States v. Lazarenko,* 476 F.3d 642, 652 (9th Cir.2007).

Declining to review the district court's dismissal order imposes no hardship on Larson. Because we affirm Larson's possession conviction, the Double Jeopardy Clause bars the government from recharging him with receipt or seeking to have his prior conviction reinstated. *See United States v. Davenport,* 519 F.3d 940 (9th Cir.2008). Moreover, all of Larson's challenges to his possession conviction apply with equal or greater force to his receipt conviction and it is therefore impossible for the possession conviction to be vacated and the receipt conviction reinstated under any factual scenario. Under the unique facts of this case, there is simply no case

or controversy for us to adjudicate on this Count.

█ We reject Larson's various challenges to his conviction for possession of child pornography. Larson's claim that the district court should have required the government to prove that he knew child pornography was illegal is foreclosed by circuit precedent. *See United States v. Moncini,* 882 F.2d 401, 406 (9th Cir.1989). The district court also properly rejected Larson's claim that his developmental disability could serve as a form of diminished capacity, thus excusing a violation of § 2252A(a)(5)(B). We recognize the defense of diminished capacity only where the charged crime requires specific, rather than general intent. *See United States v. Smith,* 638 F.2d 131, 132 (9th Cir.1981). Because § 2252A(a)(5)(B) is a crime requiring only general intent, the diminished capacity defense does not apply.

█ Finally, we reject Larson's claim that it violates principles of equal protection for the government to treat some juvenile offenders as adults while denying adult offenders who function mentally as children the reciprocal right to be treated as juveniles in the criminal justice system. It is unclear whether this claim is one of discrimination against the developmentally disabled or discrimination based on age, but we need not decide this question because rational basis review applies to both of these types of classifications. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 442–47, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Mass. Bd. of Ret. v. Murgia,* 427 U.S. 307, 311–13, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).

Applying rational basis review, it was reasonable for Congress to decide not to

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

permit chronologically-aged adults to be charged as juveniles. Such a system would be difficult to administer and would have far-reaching consequences, consequences that Congress could have rationally decided were unnecessary, particularly in light of procedural and substantive considerations the legal system already offers developmentally disabled individuals.

Thus, we affirm Larson's conviction for possession, and dismiss the portion of his appeal challenging his conviction for receipt. We vacate the district court's decision on the merits of Larson's challenge to the receipt statute and its mandatory minimum provision.

AFFIRMED in part, DISMISSED in part, VACATED in part, and REMANDED.