NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 20, 2012
Decided August 22, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1727

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11-CR-00193-001 |
| MICHAEL D. FAUCETT, *Defendant-Appellant.* | Tanya Walton Pratt, *Judge.* |

**O R D E R**

Michael Faucett, on two separate occasions, took pornographic photos of his five-year-old granddaughter. He also stored pornography depicting other children on his computer. Faucett was arrested and pleaded guilty to two counts of producing child pornography and one count of possessing child pornography. *See* 18 U.S.C. §§ 2251(a), 2252(a)(4)(B). The district court sentenced him to 30 years' imprisonment, substantially below his guidelines range. He filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Faucett has not responded to counsel's submission, *see* CIR. R. 51(b), and we limit our review to the potential issues counsel identified in his facially adequate brief, *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel states that Faucett does not wish to withdraw his plea, but we see no indication in counsel's submission that he ever discussed this with Faucett. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But this misstep does not require that we reject the *Anders* submission. First, Faucett filed a notice of appeal from only his sentence, and the attached docketing statement invokes only our sentencing jurisdiction, *see* 18 U.S.C. § 3742(a), so any challenge to the voluntariness of his plea would arguably be outside the scope of his appeal. In any event, the transcript of Faucett's plea colloquy demonstrates that the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11 and ensured that the plea was voluntary. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Any challenge to the plea would be frivolous. *Konczak*, 683 F.3d at 349.

Counsel does consider whether Faucett could argue that his sentence was procedurally flawed and properly concludes that such an argument would be frivolous. The district court correctly calculated Faucett's guidelines range (life, based on his total offense level of 45 and criminal-history category of II), did not regard the guidelines as mandatory, and did not rely on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009). Thus, we see no basis for a procedural challenge.

Counsel considers also whether Faucett could challenge his sentence as substantively unreasonable. But Faucett's below-guidelines sentence receives a presumption of reasonableness, and, like counsel, we see no basis for challenging that presumption. *United States v. Martinez*, 650 F.3d 667, 673 (7th Cir. 2011); *United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009) (concluding that 80-year sentence for producing child pornography was reasonable). The district court adequately considered the factors in 18 U.S.C. § 3553(a) and emphasized two aspects of Faucett's offenses that made them particularly serious. Faucett had been diagnosed with herpes and risked transmitting that disease to his granddaughter by engaging in sexual contact with her, and Faucett had victimized a child who was helpless and vulnerable—his granddaughter, who had been sleeping when the photographs were taken. *See United States v. Newsom*, 402 F.3d 780, 785 (7th Cir. 2005).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.