In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3826

TROY MARTIN,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 1997 — **Rebecca R. Pallmeyer**, *Judge.*

ARGUED MAY 20, 2015 — DECIDED JUNE 12, 2015

Before BAUER, FLAUM, and HAMILTON, *Circuit Judges.*

BAUER, *Circuit Judge.* Troy Martin was sentenced to life imprisonment after a jury found him guilty of a large-scale drug distribution conspiracy. He appealed his conviction and we affirmed, but remanded for the limited purpose of considering, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), whether the district court would be inclined to impose a lesser sentence. *United States v. Martin*, 618 F.3d 705 (7th Cir. 2010). The district court declined to alter Martin's sentence on

remand, and we subsequently affirmed. Martin then filed a petition for collateral relief under 28 U.S.C. § 2255, contending that his trial counsel was constitutionally ineffective with respect to the plea bargaining process. The district court denied his petition without holding an evidentiary hearing, but granted a certificate of appealability on the question of whether Martin's conclusory assertion that he would have accepted a plea agreement, standing alone, is sufficient to trigger the need for such a hearing. Given the record in this case, we hold that the district court did not need to conduct an evidentiary hearing. Accordingly, we affirm.

## I. BACKGROUND

The facts giving rise to this petition show that Martin founded a street gang known as the "Mafia Insane Vice Lords" or "Mafia Insanes," while serving a twenty-year stint behind bars in state prison for murder. After he was released on parole in 1998, Martin returned to the streets. Known as "King Troy" to his subordinates within the Mafia Insanes, Martin coordinated and directed a sprawling narcotics distribution network on the west side of Chicago, Illinois. Eventually, the government began using the procedures described in Title III of the Omnibus Crime Control and Safe Streets Act of 1968, *see* 18 U.S.C. §§ 2510–22, to intercept wire communications of Mafia Insanes members believed to be involved in the drug trafficking network. Martin's phone was targeted from February 2003 to September 2003.

On September 8, 2004, a grand jury returned an indictment charging Martin, along with other high-ranking Mafia Insanes members, with conspiracy to possess and distribute cocaine in

violation of 21 U.S.C. § 846. The indictment also charged Martin with eighteen counts of using a telephone to facilitate the narcotics conspiracy in violation of 21 U.S.C. § 843(b). Martin proceeded to trial on the charges.

At trial, 160 incriminating recordings of calls from Martin's wiretapped phone, and transcripts of these calls, were admitted into evidence. Martin's defense at trial was that, although he may have been the leader of the Mafia Insanes, he was not the leader of a narcotics conspiracy, he had forbidden gang members from trafficking drugs, and that the government's evidence to the contrary was too unreliable to support a conviction. At the end of trial, the jury found Martin guilty, and the district court sentenced him to life imprisonment.

Martin filed a petition for collateral relief under 28 U.S.C. § 2255, contending that his trial counsel was constitutionally ineffective on a number of grounds. Since the only ground relevant to this appeal concerns counsel's assistance during the plea negotiations process, we focus our attention there. In his memorandum in support of his § 2255 petition, Martin states that "[c]ounsel's failure to investigate the facts and relevant law in [his] case caused counsel to give [him] extremely bad and prejudicial advice regarding a thirty (30) year plea offer by the [g]overnment." Had he been "better informed with regard to the facts and law relevant to his case," Martin claims that "he would have accepted the [g]overnment's 30-year plea offer instead of risking a trial in which he was found guilty and, ultimately, being sentenced to LIFE imprisonment." According to Martin, "he was prepared to accept the 30-year plea agreement when offered," but "ultimately rejected the plea on the basis of counsel's flawed advice."

Based on the foregoing statements, the district court held that Martin had not presented evidence that his attorney was ineffective with respect to the plea negotiation process. In so holding, the court determined that "nothing in the record, apart from Martin's assertions, supports a finding that the government offered him a 30-year plea deal," and even "assuming that such an offer was made at some point, Martin has not established that his attorney was *ineffective* in allegedly advising him to reject it." Nevertheless, the district court granted a certificate of appealability on the question of whether Martin's conclusory assertion that he would have accepted a plea agreement, standing alone, is sufficient to trigger the need for an evidentiary hearing on the issue.

## II.  DISCUSSION

When reviewing the denial of a federal prisoner's § 2255 petition, we review the district court's legal conclusions *de novo*, its factual findings for clear error, and its decision to forgo holding an evidentiary hearing for abuse of discretion. *Osagiede v. United States*, 543 F.3d 399, 408 (7th Cir. 2008). Because an error of law is, by definition, an abuse of discretion, *United States v. Beltran*, 457 F.3d 695, 702 (7th Cir. 2006), any error of law in dismissing Martin's petition without an evidentiary hearing would constitute an abuse of discretion.

It is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000). In addition, a hearing is not necessary if

the petitioner makes allegations that are "vague, conclusory, or palpably incredible," rather than "detailed and specific." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). A district court, however, must grant an evidentiary hearing if the petitioner "alleges facts that, if proven, would entitle him to relief." *Id*. (citation and internal quotation marks omitted); *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994).

Martin alleges that trial counsel's failure to investigate the facts and law relevant to his case caused counsel to give him "extremely bad and prejudicial advice" regarding a 30-year plea offer by the government. But for counsel's "flawed advice," Martin alleges that he would have accepted the government's offer. On appeal, Martin contends that these allegations are sufficient, as a matter of law, to require the district court to hold an evidentiary hearing.

The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). To prevail on an ineffective assistance of counsel claim, Martin must satisfy the familiar two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Martin "must show that counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. As we shall see, we need not reach *Strickland*'s two-part test because Martin's petition suffers from a preliminary infirmity that is fatal to his appeal.

As the district court noted, Martin's case presents circumstances nearly identical to those that we considered in *Gallo-Vasquez v. United States*, 402 F.3d 793 (7th Cir. 2005). In *Gallo-Vasquez*, we held that the district court did not err in dismissing the petitioner's § 2255 petition without conducting a hearing where, "aside from the allegation contained in [petitioner's] motion, there [was] no evidence that the government offered petitioner a deal." *Id.* at 798. In the case at bar, as in *Gallo-Vasquez*, nothing in the record, apart from Martin's assertions, supports a finding that the government offered him a plea agreement. Martin "does not attach a copy of the proposed agreement, state when or by whom the offer was made, or give any details other than to assert that it contemplated a [more favorable] sentence" than the sentence he ultimately received after risking trial. *Id*. Standing alone, Martin's conclusory reference to the "[g]overnment's 30-year plea offer" does not satisfy his burden of providing detailed and specific factual allegations. *See id.*

Martin attempts to distinguish *Gallo-Vasquez*, contending it did not turn on the petitioner's failure to present evidence indicating that the government offered a plea agreement. According to Martin, *Gallo-Vasquez* was decided solely on *Strickland*'s prejudice prong. For this assertion he relies on our statement in *Gallo-Vasquez* that "[e]ven if [petitioner] could show that he was offered a bargain and advised to reject it, the record reflects that he would not have been prejudiced by the advice." *Id*. We do not agree with Martin's limited reading of *Gallo-Vasquez*. Rather, in *Gallo-Vasquez* we articulated alternative holdings, each of which constituted an adequate and independent ground for affirming the district court's denial of

petitioner's § 2255 petition without holding an evidentiary hearing.

A claim of ineffective assistance of counsel with respect to the plea negotiation process presupposes the existence of a plea agreement. Before requiring the district court to reopen a petitioner's case, *Gallo-Vasquez* sensibly requires *some* threshold showing of the evidentiary basis, beyond mere conclusory allegations, that supports a finding that the government in fact offered a plea deal. This preliminary burden is not meant to be onerous. It may be satisfied in a number of ways—a copy of the proposed agreement, correspondence concerning the plea, an affidavit from counsel, a statement as to when or by whom the offer was made, a detailed account of the material terms of the plea agreement, an entry on the docket setting a date for change of plea, etc. Because Martin has failed to present *any evidence*, apart from his vague and conclusory allegations, showing that the government in fact offered a 30-year plea agreement, we hold that the district court did not abuse its discretion in summarily dismissing his petition.

Lastly, going forward, we beseech the government to state on the record, prior to trial, *whether or not* a plea agreement has been extended to a defendant. This practice would readily clear up uncertainties that may arise later in post-conviction proceedings, such as this one.

### III.  CONCLUSION

For all of the aforementioned reasons, the district court's dismissal of Martin's petition for collateral relief is AFFIRMED.