In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3759

ROLLIE M. MITCHELL,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:12-cv-01002-SEB-TAB — **Sarah Evans Barker**, *Judge.*

ARGUED NOVEMBER 3, 2016 — DECIDED JANUARY 25, 2017

Before BAUER, MANION, and HAMILTON, Circuit Judges.

BAUER, *Circuit Judge.* After his conviction for cocaine distribution, Petitioner Rollie Mitchell appealed his sentence; this Court affirmed. Petitioner then filed a motion for post-conviction relief under 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel. He argued that, prior to trial, his attorney failed to inform him adequately of the

details of the government's plea offer and failed to advise him of the potential ramifications of rejecting the offer and proceeding to trial. The district court denied the motion, finding that counsel's performance was adequate and that Petitioner could not demonstrate that, absent any deficient performance, he would have accepted the plea offer. We affirm.

## I.  BACKGROUND

In June 2006, Petitioner sold 144 grams of cocaine base to a police informant named Tony Hurd. Hurd also purchased cocaine base from two of Petitioner's associates, Billy Hicks and Tyree Smith. All three were charged in Indiana state court with controlled substance offenses. As part of the state court proceedings, the county clerk's office made the error of including Hurd's name on a public filing. Hurd soon began receiving threats, and in August 2006, he was shot and killed at a gas station in Ohio.

After Hurd's murder, Petitioner was indicted on federal drug charges. The government also had reason to believe that Petitioner was involved in Hurd's murder. In June 2009, the district court appointed public defender Bruce Brattain to represent Petitioner. As the trial date approached, Brattain had discussions with the Assistant United States Attorney handling the case about a potential plea agreement. The AUSA informed Brattain that the government was willing to recommend a 20-year sentence in exchange for Petitioner's full cooperation with the government's investigation into Hurd's murder. The government never put this offer in writing.

Brattain communicated to Petitioner the terms of the offer both orally and in writing. According to Brattain's affidavit

submitted to the district court, he met with Petitioner and discussed the proposal on October 19, October 23, and November 5, 2009, and Petitioner repeatedly rejected the potential agreement. On October 29, 2009, Brattain sent Petitioner a letter in which he outlined the principal terms of the government's offer and advised Petitioner that it was in his best interest to consider it before trial.

Brattain sent another letter on November 3, 2009, in which he informed Petitioner that the government's evidence made it "almost absolutely certain" that he would be convicted at trial on the drug charge. This letter also referenced a new witness who would corroborate the government's theory that Petitioner was involved in Hurd's murder. The letter informed Petitioner that if the court found the witness to be credible by a preponderance of the evidence, Petitioner was likely to face a life sentence upon his conviction. Finally, this letter advised Petitioner that if he wished to negotiate a lesser sentence, "now is the time to do it."

Petitioner again rejected the government's offer and his case went to trial on November 9 and 10, 2009. The jury found him guilty of distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court held a sentencing hearing on April 1, 2010, during which the government presented evidence of Petitioner's involvement in Hurd's murder. The court found, by a preponderance of the evidence, that Petitioner participated in the murder, and applied the murder cross-reference under the United States Sentencing Commission Guidelines, § 2D1.1(d)(1). The court sentenced Petitioner to life imprisonment, which was the resultant Guidelines range after the application of the murder cross-

reference. Petitioner appealed the sentence, and we affirmed. *United States v. Mitchell*, 635 F.3d 990, 991 (7th Cir. 2011).

Petitioner then filed a motion for post-conviction relief under 28 U.S.C. § 2255, contending that Brattain provided ineffective assistance of counsel by not producing the government's plea offer in writing and by not advising him adequately on its substance and effects. The district court rejected these arguments. The court found that the government never submitted its proposal in writing and that, even if it had done so, Petitioner could not demonstrate that he would have accepted the offer. The court held that Brattain's communication and advice regarding the proposed plea deal did not constitute ineffective assistance. The court also rejected Petitioner's request for an evidentiary hearing on the issue, finding that the record and filings conclusively showed that Petitioner was not entitled to relief. The denial of his motion and his request for an evidentiary hearing form the basis for this appeal.

## II. DISCUSSION

When reviewing the denial of a petition under 28 U.S.C. § 2255, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *Martin v. United States*, 789 F.3d 703, 705 (7th Cir. 2015) (citation omitted).

"The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process." *Id.* at 706 (citing *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012)). To establish his claim for ineffective assistance, Petitioner must demonstrate both prongs of the test established by *Strickland v. Washington*, 466 U.S. 668 (2012). First, he "must show that

counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Once he has demonstrated deficient performance, Petitioner must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Petitioner is unable to meet his burden on either prong.

Petitioner argues that Brattain's representation was deficient in that he did not provide sufficient detail of the government's offer, that he failed to explain fully the ramifications of rejecting the offer, and that he did not make Petitioner aware of the offer in a timely manner. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012); *see also Lafler*, 132 S. Ct. at 1387 ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."). "*Frye* does not consider whether counsel furnish ineffective assistance by failing to convey a plea offer 'effectively'; we assume without deciding that counsel must do so." *Overstreet v. Wilson*, 686 F.3d 404, 406–07 (7th Cir. 2012).

Petitioner first argues that Brattain failed to communicate the offer effectively because he did not provide details outside of the principal terms of a 20-year sentence in exchange for Petitioner's cooperation in the murder investigation. There is no indication, however, that there were any such details for him to convey. The district court found that the government never put the proposal in writing and Petitioner has not produced any evidence to contradict that finding. Nor does

Petitioner offer evidence that Brattain and the government had any discussions beyond what Brattain communicated to him. Petitioner cannot identify any details that Brattain knew, yet failed to communicate to him. Brattain effectively communicated all of the information that was available to him at the time of the offer and thus, this argument fails.

Petitioner then contends that Brattain's representation was ineffective because he failed to adequately advise Petitioner of the potential outcomes of rejecting the offer and going to trial. He argues that Brattain should have done more to explain the applicable Sentencing Guidelines and the sentence he would face if convicted. Brattain's letters, however, clearly defeat this contention. In his October 29, 2009, letter, Brattain advised Petitioner that it was in his best interest to consider the government's offer because a guilty verdict at trial could result in a "sentence greater than twenty years." In the November 3, 2009, letter, Brattain informed Petitioner of a new government witness and advised Petitioner that if the court found the witness credible, "I now believe that you will be looking at life in prison upon your conviction." It is difficult to imagine what more effective advice Brattain could have provided regarding the effects of rejecting the plea offer. Therefore, Petitioner's argument that Brattain's performance was deficient on this point also fails.

Lastly, Petitioner claims that Brattain was ineffective because he did not inform Petitioner of the offer until the day his trial began. Again, however, Brattain's letters show that Petitioner's claim is incorrect. Brattain sent Petitioner a letter on October 29, 2009, ten days before trial, outlining the terms of the plea offer. That letter also indicates that Brattain and

Petitioner had already "spoken of [the offer] several times." Brattain sent Petitioner another letter on November 3, 2009, advising Petitioner that if he wished to negotiate a sentence of less than life in prison, "now is the time to do it." Additionally, Brattain's affidavit states that he and Petitioner discussed the proposed agreement as early as October 19, 2009. Thus, it is clear that Brattain effectively communicated the offer to Petitioner with ample time for him to consider it.

For the reasons just explained, Petitioner has failed to demonstrate that Brattain's performance fell below an objective standard of reasonableness. Therefore, Brattain's communication and advice regarding the plea offer did not constitute deficient performance.

However, even if we were to determine that Brattain's representation was deficient, Petitioner's claim still fails because he cannot establish *Strickland*'s prejudice requirement. To show prejudice in the context of the handling of plea offers, "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 132 S. Ct. at 1409. Petitioner is unable do so here.

Petitioner has admitted, both in the district court and in his brief before this Court, that he cannot say with certainty that he would have accepted the government's offer. He argues that he cannot do so because he did not receive "the full terms" of the offer due to Brattain's deficient performance. However, because Petitioner rejected the general framework of the government's offer, the negotiation of further details never began. Petitioner cannot point to any conditions of the govern-

ment's offer that Brattain failed to communicate to him. As a result, he cannot show a reasonable probability that, but for some failure on Brattain's part, he would have accepted the government's offer. Therefore, Petitioner cannot establish the prejudice prong of his *Strickland* claim.

Finally, we briefly address Petitioner's argument that the district court erred in denying his request for an evidentiary hearing. We review the district court's denial of an evidentiary hearing on a § 2255 motion for abuse of discretion. *Martin*, 789 F.3d at 705. An evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief … ." 28 U.S.C. § 2255(b); *Martin*, 789 F.3d at 706. That is the case here.

The district court was able to determine, from the record alone, that the government had not reduced its plea offer to writing and had not set forth any details or conditions other than its offer to recommend a 20-year sentence in exchange for Petitioner's cooperation in the murder investigation. Brattain's letters demonstrated that Petitioner learned of the offer at least ten days before his trial, despite his contention that he first heard the offer on the day of trial. Finally, Petitioner admitted in his motion that he could not say definitively that he would have accepted the government's offer but for Brattain's supposed ineffective assistance. The district court did not abuse its discretion in denying Petitioner's request for a hearing.

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.