In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2515

MICHAEL D. FAUCETT,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-01434-TWP-TAB — **Tanya Walton Pratt**, *Judge.*

ARGUED SEPTEMBER 28, 2016 — DECIDED SEPTEMBER 22, 2017

Before KANNE, SYKES, and HAMILTON, *Circuit Judges.*

SYKES, *Circuit Judge*. Michael Faucett possessed large quantities of child pornography, some of which he produced himself. His collection included 59 sexually explicit photos of his five-year-old granddaughter that he took while she was sleeping. When investigators searched his computer and found the collection, he initially denied knowledge of it. But he confessed when they confronted him with the pornographic pictures of his granddaughter. Faucett pleaded

guilty to three federal crimes: two counts of producing child pornography, *see* 18 U.S.C. § 2251(a), and one count of possessing child pornography, *see id*. § 2252(a)(4)(B). He is serving a 30-year prison term.

This appeal concerns Faucett's collateral attack on his sentence. In a pro se motion under 28 U.S.C. § 2255, he claimed that his attorney was constitutionally ineffective for failing to advise him that involuntary intoxication was an available defense. In an alternative but overlapping claim, he alleged that counsel at least should have developed an argument about diminished capacity as a mitigating factor at sentencing. The district judge denied the § 2255 motion without a hearing, reasoning that neither defense strategy would have had any chance of success as a factual matter. The judge also ruled that involuntary intoxication is a defense to specific-intent crimes only and child-pornography offenses are general-intent crimes.

We have not yet had occasion to address the defense of involuntary intoxication. Limited authority exists in other circuits, but there's no clear consensus on whether the defense is available in a case like this one. We have no need to decide that legal question because Faucett did not articulate a viable factual basis for the defense even if it applies in this context. Nor was his counsel constitutionally ineffective for not arguing diminished capacity as a mitigating factor at sentencing.

## I. Background

Faucett's five-year-old granddaughter stayed overnight at his house on March 16, 2010. Just before midnight Faucett entered the room where she was sleeping, undressed her

from the waist down, and took 30 pornographic pictures of her. He repeated this conduct on April 10, when she next stayed at his house, this time taking 29 pornographic pictures of her. To stage the photos, Faucett posed his sleeping granddaughter in various sexually explicit positions. In some of the images, he is seen attempting intercourse or performing oral sex on his granddaughter.

Faucett uploaded the 59 photos to his computer, adding them to his stored collection of child pornography—more than 600 images and videos on three computers. Many of the images in his collection depicted minor girls being raped by adult men. Faucett advertised some of this material online.

Investigators tracked the online images to Faucett's IP address and obtained a search warrant for his home and computers. Initial on-site forensic analysis revealed the pornography collection, including the photos of Faucett's granddaughter. Investigators questioned Faucett during the search, but he initially denied any knowledge of the child pornography. When they confronted him with the photos of his granddaughter, he confessed to his crimes and provided a detailed account of when and how he took the photos.

A federal grand jury indicted Faucett on two counts of production of child pornography and one count of possession of child pornography. He pleaded guilty as charged. His presentence report detailed his struggle with alcoholism and certain mental-health issues, including ADHD, insomnia, depression, and anxiety. At various times Dr. Donald Wagoner of the Wagoner Medical Center had prescribed several different medications to treat these conditions, including Adderall, Ambien, Paxil, Xanax, and Abilify. According to Faucett's medical records, however, only two

prescriptions were active between February and April of 2010 when he took the pornographic pictures of his grand-daughter: Adderall (for ADHD) and Paxil (an antidepressant). Faucett's attorney submitted a sentencing memorandum addressing his client's alcoholism and mental-health issues, but the overall defense strategy at sentencing was to demonstrate acceptance of responsibility.

At the sentencing hearing, Faucett apologized for his conduct, expressed remorse, and acknowledged the wrongfulness of his actions. The judge noted his remorse and early guilty plea and awarded a full three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Still, with an off-the-charts offense level (45) and a category II criminal history, the guidelines recommended a sentence of life. The judge imposed a 30-year prison term followed by a life term of supervised release. Faucett appealed, but his counsel filed an *Anders* brief and moved to withdraw. We granted the motion and dismissed the appeal.

About a year after sentencing, state prosecutors charged Dr. Wagoner and other employees at his clinic with conspiracy to illegally traffic in narcotics and related drug crimes. The defendants were accused of operating a "pill mill"— writing illegal prescriptions for drug-seeking addicts, some of whom later overdosed. Faucett was not listed as a victim in the probable-cause affidavit. Dr. Wagoner pleaded guilty.

Faucett moved to vacate his conviction and sentence under § 2255, pointing to the Wagoner prosecution and arguing that his attorney never told him that a defense of involuntary intoxication was available and that he would not have pleaded guilty had he been aware of such a defense. Faucett also claimed that his attorney did not develop an adequate

argument about diminished capacity as a mitigating factor at sentencing.

The judge denied relief without a hearing, reasoning that Faucett's attorney cannot have been ineffective for failing to pursue defense strategies that had "no chance of success." The judge held that there was no factual basis for a claim of involuntary intoxication because Faucett had not pointed to any evidence demonstrating that he was intoxicated at the time of his crimes. The judge also doubted the legal basis for the defense. She noted that involuntary intoxication is not an affirmative defense but rather serves to negate the *mens rea* required of specific-intent crimes. She concluded that the defense was unavailable in Faucett's case because child-pornography offenses are general-intent crimes. Finally, the judge explained that she had thoroughly considered Faucett's psychiatric history and alcohol abuse in determining his sentence, so a sentencing argument about diminished capacity would not have mattered.

## II. Discussion

Faucett continues to maintain that his Sixth Amendment right to the effective assistance of counsel was violated in two separate but related ways: (1) his attorney failed to inform him about the defense of involuntary intoxication, and (2) his attorney failed to develop an argument about diminished capacity as a mitigating factor at sentencing. His fallback argument is a procedural point. He claims that the judge should have held an evidentiary hearing before ruling on his § 2255 motion.

We review the denial of a § 2255 motion under a split standard of review, accepting the judge's factual findings

unless they are clearly erroneous and deciding legal questions de novo. *Webster v. United States*, 667 F.3d 826, 830 (7th Cir. 2011). We review the judge's decision to forgo an evidentiary hearing for abuse of discretion. *Martin v. United States*, 789 F.3d 703, 705 (7th Cir. 2015).

Under the familiar *Strickland* standard for claims of ineffective assistance of counsel, it was Faucett's burden to show that his attorney's performance was deficient and that he suffered prejudice as a result. *Id.* at 706 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The test is highly deferential; we presume that counsel was effective and evaluate his performance under an objective standard of reasonableness. *Id.* To establish prejudice, Faucett had to demonstrate a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *Id.* More specifically, Faucett had to show that he would not have pleaded guilty but for counsel's failure to advise him about the defense of involuntary intoxication or, alternatively, that he would have received a lesser sentence had counsel developed a sentencing argument about diminished capacity.

Faucett's primary attack on his attorney's performance rests on his allegation that counsel should have developed a defense of involuntary intoxication or at least informed him that such a defense was available. We agree with the district judge that the defense was not remotely viable in Faucett's case and that it was entirely reasonable for counsel to forgo a meritless defense strategy.

The defense of involuntary intoxication is rarely used and has received scant attention from federal courts. Our circuit has not addressed it. The circuits that have directly

confronted a claim of involuntary intoxication have treated it as an affirmative defense akin to temporary insanity. *See, e.g., United States v. F.D.L.*, 836 F.2d 1113, 1116–17 (8th Cir. 1998) (explaining that the involuntary-intoxication defense "reliev[es] a defendant of criminal responsibility" and is "essentially the same … as [the] insanity [defense]"); *see also United States v. Bindley*, 157 F.3d 1235, 1241–43 (10th Cir. 1998) (distinguishing involuntary intoxication, which demonstrates a "lack of culpability," from voluntary intoxication).

An affirmative defense excuses a defendant's criminal responsibility; it does not negate criminal intent. *See United States v. Jumah*, 493 F.3d 868, 874 (7th Cir. 2007) (explaining that "[a]ffirmative defenses of justification and excuse do not negate criminal intent" but rather "excuse conduct otherwise punishable without controverting … the elements of the underlying offense"). If this is the proper way to characterize the defense of involuntary intoxication, then it does not matter whether the charged offense is a general-intent crime or a specific-intent crime. A successful defense of involuntary intoxication would excuse criminal responsibility either way.

Although we have never addressed *involuntary* intoxication as a defense to criminal liability, we have on a few occasions dealt with a claim of *voluntary* intoxication; each time we've treated it as a "negative" defense to a specific-intent crime that negates the *mens rea* of the crime. *See United States v. Nacotee*, 159 F.3d 1073, 1076 (7th Cir. 1998) (noting that a defendant's "voluntary intoxication, if sufficient to negate the required intent to aid and abet, would provide her with a defense"); *United States v. Boyles*, 57 F.3d 535, 541 (7th Cir. 1995) ("Voluntary intoxication is a negative defense

to specific intent crimes and a high degree of intoxication can conceivably, under limited circumstances, render the defendant incapable of attaining the required state of mind to commit the crime." (citing *United States v. Fazzini*, 871 F.2d 635, 641 (7th Cir. 1989))); *United States v. Reed*, 991 F.2d 399, 400 (7th Cir. 1993) (noting that "voluntary intoxication[] is a defense only to specific intent crimes" (citing *Fazzini*, 871 F.2d at 641)). If *involuntary* intoxication is understood the same way, then the classification of Faucett's child-pornography offenses as general-intent or specific-intent crimes *does* make a difference.

We have not yet had occasion to decide whether production of child pornography or possession of child pornography are general-intent or specific-intent crimes. Other circuits generally treat receipt and possession of child pornography as general-intent crimes. *See, e.g., United States v. Ballieu*, 480 F. App'x 494, 497 (10th Cir. 2012) (reception of child pornography under § 2252A(a)(2)(A) is a general-intent crime); *United States v. Walden*, 478 F. App'x 571, 576 n.2 (11th Cir. 2012) (reception and possession of child pornography under § 2252A(a)(2) and (a)(5)(B) are general-intent crimes); *United States v. Larson*, 346 F. App'x 166, 168 (9th Cir. 2009) (possession of child pornography under § 2252A(a)(5)(B) is a general-intent crime); *United States v. Benz*, No. 4:13CR3121, 2015 WL 575094, at *1 (D. Neb. Feb. 11, 2015) (receipt of child pornography under § 2252A(a)(2) and possession of child pornography under § 2252(a)(4)(B) are general-intent crimes).

On the other hand, there's no clear consensus on how to classify the crime of *production* of child pornography. *Compare United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th

Cir. 2015) (indicating that production of child pornography under § 2251(a) is a specific-intent crime), *with Klopfenstine v. United States*, No. 2:13-cv-04214-NKL, 2014 WL 4055791, at *4 (W.D. Mo. Aug. 14, 2014) (holding that production of child pornography under § 2251(a) is a general-intent crime).

The district judge did not separately analyze the possession and production offenses. Rather, she concluded as a general matter that because child-pornography offenses are general-intent crimes, the defense of involuntary intoxication is legally unavailable.

We do not need to decide whether the judge was right to characterize the crimes and the proposed intoxication defense in this way. The judge's alternative factual holding was entirely sound. She noted that Faucett had not alleged any facts that would support a viable defense of involuntary intoxication. An intoxication defense requires evidence demonstrating that the defendant's "mental faculties were so overcome by intoxicants" that he was rendered "incapacitated." *Nacotee*, 159 F.3d at 1076. In other words, simply showing that the defendant was intoxicated is not enough. *Id.* Here, Faucett alleged no facts tending to show that he was intoxicated at the time of his crimes, much less that his mental faculties were so overcome that he was incapacitated.

Faucett's claim rests primarily on the successful prosecution of Dr. Wagoner for illegally dispensing narcotics to drug-seeking addicts. For additional support he points to an FDA warning that the drug Abilify is linked with compulsive behavior and "uncontrollable urges to … have sex." FDA, *FDA Warns About New Impulse-Control Problems Associated with Mental Health Drug Aripiprazole (Abilify, Abilify Maintena, Aristada)* (May 3, 2016) (http://www.fda.gov/

Drugs/DrugSafety/ucm498662.htm). He also cites an FDA-
approved guide for Ambien that contains a side-effects
warning about "complex behaviors while not being fully
awake." Sanofi-aventis U.S., LLC, *Highlights of Prescribing
Information: Ambien* at 20 (Rev. Dec. 2016)
(http://www.accessdata.fda.gov/drugsatfda_docs/label/
2016/019908s037lbl.pdf).

    None of this matters in light of Faucett's medical records
and the contents of his confession. His medical records
establish that he did not have active prescriptions for Abilify
or Ambien at any time at or near the commission of these
crimes; his only active psychotropic prescriptions at the
relevant time were for Adderall and Paxil. And Faucett's
confession defeats any possible defense of involuntary
intoxication. Though he initially denied knowledge of the
child pornography on his computers, he quickly confessed
when confronted with the pornographic pictures of his
granddaughter, providing specific details about how and
when he took the photos and acknowledging that he knew
what he was doing. He also told investigators that he had
been actively pursuing his interest in child pornography for
about a year. Faucett's attorney cannot be faulted for failing
to explore a futile defense strategy.

    For the same reasons, Faucett's attorney was not constitu-
tionally ineffective for failing to develop an argument about
diminished capacity as a mitigating factor at sentencing.
Refraining from a meritless sentencing argument cannot be
characterized as objectively unreasonable. And here, an
argument about diminished capacity would have under-
mined the defense effort to show acceptance of responsibil-
ity. In any event, Faucett's attorney discussed his client's

history of alcohol abuse and mental-health problems in his sentencing memorandum, and the judge considered this evidence when she weighed the sentencing factors under 18 U.S.C. § 3553(a). Additional argument would not have made a difference.

Finally, we reject Faucett's argument that the judge should have held an evidentiary hearing before ruling on the § 2255 motion. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Faucett alleged no set of facts that would support a viable defense of involuntary intoxication or an argument about diminished capacity in mitigation of his sentence.

Accordingly, it was clear from the face of Faucett's motion that he was not entitled to relief on his *Strickland* claim. The judge was well within her discretion to decide the motion without an evidentiary hearing.

AFFIRMED.