In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3715

CORY L. WILLIAMS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 2:14-cv-02208-SLD — **Sara Darrow**, *Judge.*

ARGUED FEBRUARY 24, 2017 — DECIDED JANUARY 3, 2018

Before EASTERBROOK, KANNE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Cory Williams was charged with two counts of Hobbs Act robbery, 18 U.S.C. § 1952(a); one count of bank robbery, *id.* § 2113(a), (d); and three counts of brandishing a firearm in furtherance of those crimes, *id.* § 924(c). On the § 924(c) counts alone, he faced a statutory minimum of 57 years in prison, the equivalent of a mandatory life sentence. The government offered a favorable plea deal that promised to reduce his sentencing exposure by more than 39 years. After sending the terms to Williams's attorney, the

prosecutor emailed the proposal to Judge McCuskey pursuant to the judge's standard practice. The judge replied by email, telling the parties that the deal was "exceedingly fair" and "[o]nly a fool would refuse [it]." Williams took the deal and pleaded guilty. The judge sentenced him to 18 years in prison in accordance with the agreement.

A year later Williams moved to set aside his sentence under 28 U.S.C. § 2255. As relevant here, he claimed that the judge impermissibly participated in plea negotiations in violation of Rule 11(c)(1) of the Federal Rules of Criminal Procedure and the Due Process Clause. He also alleged a deprivation of his Sixth Amendment right to effective representation based on his lawyer's failure to raise the Rule 11(c)(1) violation and request the judge's recusal. A newly assigned judge denied the motion without a hearing.

We affirm. Rule 11(c)(1) flatly forbids any judicial participation in plea negotiations, but the violation in this case was harmless. Williams insists that he would not have taken the plea deal but for the judge's email, but that claim is not remotely plausible. The government's case was rock solid, and the plea deal removed the risk of a mandatory life sentence and otherwise substantially reduced Williams's prison exposure. His attorney's failure to raise the Rule 11(c)(1) violation and request the judge's recusal was likewise harmless.

## I. Background

On June 20 and 29, 2011, two motels in Champaign, Illinois, were robbed at gunpoint. Each crime followed the same modus operandi: the robber entered the motel lobby, lifted his sweatshirt to flash a handgun tucked in his waistband, and demanded that the clerk hand over the contents of

the cash register. A month later a gunman wearing black clothing and a white mask robbed a bank in nearby Savoy, Illinois, taking more than $20,000 in cash.

Cory Williams was eventually identified as the robber. He was assisted in the offenses by two women, one of whom cooperated with law enforcement and confirmed Williams's role. In addition to the cooperator's statement, law enforcement had significant additional evidence identifying Williams as the robber. The police found the black clothing, white mask, and revolver used in the Savoy robbery in some bushes near the bank. This physical evidence was covered in Williams's fingerprints and DNA. Finally, the victims of the two motel robberies identified Williams from a photo array.

A grand jury returned an indictment charging Williams with two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1952(a), one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and three counts of brandishing a firearm during a robbery in violation of 18 U.S.C. § 924(c). The § 924(c) charges alone carried a statutory minimum penalty of 57 years in prison. *See* 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i), and (D)(ii) (requiring 7 years in prison on the first count and a consecutive 25-year term for each subsequent count). The upshot was that Williams, then 24 years old, faced what was essentially a mandatory life sentence on the § 924(c) counts plus whatever additional prison time the judge might impose for the three robberies.

The case was assigned to Judge McCuskey, and the government eventually offered Williams a highly favorable plea deal. The prosecutor agreed to drop two of the § 924(c) charges and recommend a total sentence of 18 years—11 years for the three robberies plus the mandatory 7-year term on the single § 924(c) count. Williams's attorney ad-

vised him of the proposed deal on July 3, 2013. On that same day,[1] in accordance with Judge McCuskey's standing procedure, the prosecutor emailed the proposed plea agreement to the judge for his review, copying the assigned magistrate judge and defense counsel on the email. Judge McCuskey responded by email the next day, writing:

> I concur with the disposition, which is exceedingly fair to the defendant. Obviously, if he is convicted at trial the defendant will be sentenced to the equivalent of a life sentence. Only a fool would refuse this plea agreement. … I have placed the plea agreement with my initials on [the magistrate judge's] desk. While I will be flying to Washington DC on Monday, please E-Mail me a report of what happens before [the magistrate judge]. I am fully ready to try the case to a jury if the defendant wishes to proceed with a jury trial.

Williams agreed to the deal, and a change-of-plea hearing was scheduled for July 8 before the magistrate judge. When Williams arrived at the courthouse to plead guilty, his lawyer showed him the judge's email for the first time. Once the hearing was underway, Williams testified under oath that he understood the plea agreement, was voluntarily pleading guilty and was in fact guilty of the crimes, and that he was satisfied with his attorney's representation. The magistrate judge accepted the change of plea, and Judge

---

[1] Williams asserted in his § 2255 motion that his counsel told him of the government's offer on August 3, 2013. Everyone agrees that this was a mistake; the correct date is July 3.

McCuskey imposed a sentence of 18 years in accordance with the agreement.

Though the written plea agreement contained a waiver of the right to appeal or pursue collateral relief, a year later Williams filed a § 2255 motion seeking to vacate his sentence on several grounds. Only two are relevant here; both attack the validity of his guilty plea. First, Williams asserted that Judge McCuskey's email amounted to impermissible judicial participation in plea negotiations, violating both Rule 11(c)(1) and his right to due process. The judge's email, he alleged, led him to believe that he would not get a fair shake if he opted for a trial; that in turn made his guilty plea involuntary. Second, Williams alleged that his attorney's failure to raise the Rule 11(c)(1) violation and seek the judge's recusal amounted to constitutionally ineffective representation in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).

Because Judge McCuskey had retired in the interim, Williams's case was reassigned to Judge Darrow. She denied the § 2255 motion without a hearing but issued a certificate of appealability on the two claims we've just described. As the sole remedy on appeal, Williams asks us to remand with instructions to hold an evidentiary hearing on these two claims.

## II. Discussion

As we've noted, Williams waived his right to collaterally attack his sentence, but the waiver does not block a challenge to the validity of his guilty plea. *Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013). Still, claims of this type are ordinarily procedurally defaulted if not first raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621

(1998). Williams failed to preserve his claim, but procedural default is an affirmative defense and can itself be waived. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). The government expressly waived the defense here, so we proceed to the merits. *See Wood v. Milyard*, 566 U.S. 463, 473–74 (2012) (holding that courts must respect the government's formal waivers of procedural defects in collateral cases).

Appeals from the denial of § 2255 relief are governed by a dual standard of review. Factual findings are reviewed for clear error; issues of law get de novo review. *Webster v. United States*, 667 F.3d 826, 830 (7th Cir. 2011). A district judge has the discretion to proceed to decision on a § 2255 motion without holding an evidentiary hearing; we review the judge's decision to forgo a hearing for abuse of discretion. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). If the petitioner's allegations are "vague, conclusory, or palpably incredible," he is not entitled to an evidentiary hearing. *Id.* (quotation marks omitted). On the other hand, if "the petitioner alleges facts that, if proven, would entitle him to relief," the judge must conduct a fact-finding hearing. *Id.* (quotation marks omitted).

Rule 11(c)(1) unambiguously prohibits judicial participation in plea negotiations: "An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. *The court must not participate in these discussions*." FED. R. CRIM. P. 11(c)(1) (emphasis added). The government concedes that the judge's email crossed the line, violating Rule 11(c)(1). *Cf. United States v. Davila*, 569 U.S. 597, 608 (2013); *United States v. Kraus*, 137 F.3d 447, 456 (7th Cir. 1998). But a violation of the rule does not, without more, warrant relief under § 2255. *See United States v. Timmreck*, 441 U.S. 780, 784–85 (1979). The

pertinent question is whether the violation deprived Williams of his right to due process.

Though forbidden by the rule, a judge's involvement in plea negotiations is not necessarily a due-process violation. *See Davila*, 569 U.S. at 610 ("Rule 11(c)(1) was adopted as a prophylactic measure, … not one impelled by the Due Process Clause or any other constitutional requirement."). The defendant's due-process rights are implicated only when the coercive pressure implied by the judge's involvement is so great that it renders the defendant's acceptance of the plea agreement involuntary. *See Warren v. Baenen*, 712 F.3d 1090, 1102 (7th Cir. 2013) ("To survive a due process challenge, a plea must be knowing, voluntary, and intelligently entered."). To prevail on this claim, Williams must show a reasonable probability that but for the judge's email, he would have declined the plea agreement and proceeded to trial. *Davila*, 569 U.S. at 612.

Williams insists that but for the judge's Rule 11(c)(1) violation, he would not have accepted the government's plea offer. That claim is palpably incredible. *See Boulb*, 818 F.3d at 339. The government's case was exceedingly strong, and the plea deal was extraordinarily favorable to Williams. He faced a statutory minimum sentence of 57 years in prison on the § 924(c) charges alone plus whatever time the judge might impose for the three robberies. The government's offer substantially minimized his exposure, shaving off more than 39 years and radically reducing the statutory minimum. Confronted with overwhelming evidence against him and the prospect of a mandatory life term, Williams's hindsight claim that he would have rejected such exceptionally favorable terms strains credulity. With no plausible allegations to

support an entitlement to relief, Judge Darrow was right to reject Williams's due-process claim without a hearing.

For the same reasons, the judge properly rejected the *Strickland* claim. Williams had the burden to demonstrate that his counsel's representation was deficient and that he was prejudiced by the deficient performance. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (citing *Strickland*, 466 U.S. 668). Judicial review of counsel's performance is highly deferential; a defense attorney's representation is not deemed constitutionally deficient unless it falls below an objective standard of reasonableness. *Id.* To demonstrate prejudice, Williams had the burden to show a reasonable probability that but for the failure by his counsel to raise the Rule 11(c)(1) violation, he "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We don't need to decide whether counsel's performance fell below the objective-reasonableness standard (though we doubt it). Williams's claim cannot possibly succeed because he has not credibly alleged prejudice. As we've explained, it is inconceivable that he would have declined the government's highly favorable plea offer and instead rolled the dice at trial in the face of overwhelming evidence against him and the prospect of a mandatory life sentence. No hearing was needed on the *Strickland* claim. Judge Darrow correctly denied § 2255 relief across the board.

AFFIRMED.