**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 17, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1448

| | |
|---|---|
| CHRISTOPHER HUNTER, *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 2857 |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Christopher Hunter appeals from the denial of his second motion under 28 U.S.C. § 2255, in which he challenged his sentence for conspiracy to distribute heroin. He argues that his trial counsel was ineffective for acceding to his classification as a career offender, *see* U.S.S.G. § 4B1.1, which he asserts increased his Sentencing Guidelines range from 188–235 months to 262–327 months in prison. Because Hunter's

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

desired objection would have been frivolous and because he received strategic benefit from agreeing to a career-offender sentence, we affirm the district court's decision.

Hunter was indicted for conspiring to possess with the intent to distribute 500 or more grams of heroin. *See* 21 U.S.C. § 846. After he lost a motion to suppress evidence, *United States v. Hunter*, No. 10 CR 673-6, 2011 WL 4345683, at *10 (N.D. Ill. Sept. 15, 2011), Hunter pleaded guilty. The government filed an information under 21 U.S.C. § 851(a)(1), identifying prior convictions that increased Hunter's statutory minimum sentence to twenty years of incarceration and ten years of supervised release. 21 U.S.C. §§ 841, 846. The district court sentenced Hunter to these statutory minimums, and his direct appeal was unsuccessful because his trial counsel had failed to reserve his right to appeal the denial of the suppression motion when he entered a guilty plea. *United States v. Adams*, 746 F.3d 734, 739 (7th Cir. 2014). Hunter then filed his first § 2255 motion, which the district court granted because Hunter's counsel had provided ineffective assistance. *United States v. Hunter*, No. 15 C 250 (N.D. Ill. Mar. 24, 2016). The district court vacated Hunter's guilty plea and sentence.

Hunter and the government then entered into a plea agreement. The government agreed to withdraw the § 851 notice, reducing the applicable statutory minimum sentence to ten years of incarceration and five years of supervised release. And Hunter agreed that he is a career offender, setting his Sentencing Guidelines range at 262–327 months. Ultimately, the judge sentenced Hunter to 192 months' imprisonment and five years' supervised release.

Hunter (who had preserved the right to challenge his sentence and the validity of his guilty plea) did not appeal, but he filed another § 2255 motion. He asserted that counsel was ineffective for conceding that he is a career offender because his prior convictions are not categorically "controlled substance offense[s]" within the meaning of U.S.S.G. § 4B1.1. *See United States v. Curtis*, 645 F.3d 937, 939 (7th Cir. 2011). The district court observed that the conviction records were not entirely clear but found that, regardless, defense counsel's decision not to challenge the career-offender designation was a reasonable strategy because, without that admission, the government might not have dismissed the § 851 information. The court then granted Hunter a certificate of appealability on the question whether counsel was ineffective for failing to argue that the convictions underlying the career-offender enhancement were not "offenses involving the delivery of a controlled substance."

On appeal, Hunter renews his argument that he would not have been classified as a career offender had counsel provided effective assistance. To show that he received ineffective assistance of counsel, Hunter must demonstrate that (1) his attorney's performance was below an objective standard of reasonableness, and (2) a reasonable probability exists that the result of the proceeding would have been different without counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

The certified records of conviction that the government submitted show that Hunter pleaded guilty to two "controlled substance offenses." *See* U.S.S.G. §§ 4B1.1(a), 4B1.2(b). On August 30, 1993, Hunter pleaded guilty to all charges in a four-count indictment that charged him with drug offenses including the first-degree felony of possessing of a controlled substance on a school ground with intent to deliver. *See* ILL. REV. STAT. 1991, ch. 56.5, ¶ 1407 (current version at 720 ILCS 570/407). And on February 24, 1997, he pleaded guilty to Count One of a two-count indictment, charging him with the first-degree felony of manufacture or delivery, or possession with intent to manufacture or deliver, between one and fifteen grams of cocaine. *See* 720 ILCS 570/401(c)(2).

With these facts established, *see United States v. Howell*, 37 F.3d 1197, 1207 (7th Cir. 1994) (affirming use of Illinois certified statement of conviction to prove prior conviction), counsel's objection to Hunter's classification as a career offender would have been frivolous. "Refraining from a meritless sentencing argument cannot be characterized as objectively unreasonable." *Faucett v. United States*, 872 F.3d 506, 512 (7th Cir. 2017). The district court believed the records to be "less than definitive" absent a transcript of the change-of-plea hearings, but the conviction records specifically identify the offenses to which Hunter pleaded guilty. True, as the district court observed, the records do not definitively establish that the crimes involved "delivery" of controlled substances, which is how the plea agreement characterized them. But "delivery" is not a required element of a "controlled substance offense" under U.S.S.G. § 4B1.2(b), and the crimes of conviction fit that definition.

Even if the conviction records did not establish that Hunter's previous crimes were "controlled substance offenses," we agree with the district court that admitting Hunter's career-offender status in the plea agreement would have been a reasonable strategic decision. As part of the bargain, the government agreed to withdraw the § 851 information that guaranteed a much longer sentence. This type of decision by counsel is almost unassailable unless it is premised on a mistake of law or fact. *See Hinton v. Alabama*, 571 U.S. 263, 274 (2014). There is no evidence of such a mistake here.

AFFIRMED