**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2021*
Decided June 21, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2773

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11-cr-00193-TWP-KPF |
| MICHAEL D. FAUCETT, *Defendant-Appellant*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Michael Faucett, a federal inmate suffering from asthma and other health conditions, sought compassionate release based on his risk of complications if he contracted COVID-19. The district court acknowledged the severity of Faucett's conditions but denied the request based on the sentencing factors under 18 U.S.C. § 3553(a). Because the court did not abuse its discretion, we affirm.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Faucett pleaded guilty in 2011 to producing and possessing child pornography, 18 U.S.C. §§ 2251(a), 2252(a)(4)(B), and was sentenced below the guidelines to 30 years in prison followed by a lifetime term of supervised release. We dismissed his direct appeal. *United States v. Faucett*, 485 F. App'x 834 (7th Cir. 2012). And Faucett's later efforts to obtain collateral relief were unsuccessful. *Faucett v. United States*, 872 F.3d 506 (7th Cir. 2017). His projected release date is in 2037.

In July 2020, with assistance from appointed counsel, Faucett moved for compassionate release in light of the pandemic, his age (57), and his health conditions— type-2 diabetes, hypertension, asthma, and obesity. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He also pointed to his efforts to rehabilitate himself (emphasizing his clean disciplinary record and participation in numerous educational courses) and the absence of any danger he would present to the public (given his lifetime term of supervised release and his worsening health conditions that would deter him from future criminal conduct). At the time of his reply, one inmate at his prison in Fort Dix, New Jersey had tested positive for COVID-19.

The district court denied the motion. The court acknowledged Faucett's heightened medical risks and commended him for his good conduct in prison but concluded that the § 3553(a) factors weighed "dispositively" against releasing him just 9 years into his 30-year sentence. The court emphasized the "horrific" and "sordid" nature of his offense, *see* § 3553(a)(1), based on his extensive child pornography collection, which included sexually explicit photos of his five-year-old granddaughter that he took while she was sleeping; the need to deter similar conduct, *see* § 3553(a)(1)(B), given that he had served just over a quarter of his 30 year-sentence; and the need to protect the public, *see* § 3553(a)(2)(C), since he did not appear to have completed the recommended sex-offender treatment.

On appeal, Faucett first challenges the district court's decision to hold him responsible for not completing sex-offender treatment. He says he tried to participate in sex-offender programming at his previous prison (FCI Petersburg in Virginia) but was not selected to do so by the Bureau of Prisons, and such programming is unavailable at his current prison. But whatever the circumstances, the court did not clearly err by determining that his lack of sex-offender treatment meant that he had not addressed the root cause of his crimes and thus still posed a threat to the public.

Next, Faucett argues that the district court did not afford sufficient weight to his serious health conditions and his rehabilitative efforts. But this contention overlooks the court's broader rationale. The court did acknowledge Faucett's increased risk of severe

illness from COVID-19 and his good behavior in prison, but it appropriately found those considerations outweighed by the § 3553(a) factors. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The court highlighted the remaining time on his sentence and "horrid" nature of his offense, in which he sexually abused his grandchild who his own daughter had entrusted to his care.

Faucett also points out that, since the denial of his motion, the number of positive cases at his prison has increased. But we are limited to reviewing only the evidence that was before the district court at the time of decision. *See United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020).

Finally, Faucett asks us again to appoint counsel for him. But appointed counsel is not necessary to resolve the issues Faucett raises on appeal, *see Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc), and so we deny that request.

AFFIRMED